## BALDWIN v. HERBST.

1. **Highway**: DEDICATION AND PRESCRIPTION. Highways may be established in this state by dedication and prescription, and such are not rendered illegal by sections 957 and 967 of the Code.

2. ——: ——: USE. Section 2031 of the Code does not apply in case of a highway which had been used as such by the public for more than ten years prior to the enactment of the Code.

3. ——: ——: INSTRUCTIONS. Instructions as to the evidence necessary to establish the existence of a highway by dedication and prescription, and the weight to be given certain facts, considered and approved.

*Appeal from Cedar Circuit Court.*

SATURDAY, JUNE 19.

ACTION at law to recover for a trespass committed by defendant, in throwing down plaintiff's fences and entering upon his land. There was a verdict for defendant. Plaintiff appeals. The facts of the case are stated in the opinion.

*Wolf & Landt*, for appellant.

*Sylvanus Yates* and *Piatt & Carr*, for appellee.

BECK, J.—I. The plaintiff seeks to recover, in this action, for a trespass committed by defendant in entering upon his land. The defendant in his answer admits the entry upon the *locus in quo* but alleges that it was lawfully done, a

public highway existing there, upon which defendant was traveling, and that he lawfully removed a fence erected by plaintiff, which was an obstruction to travel upon the highway. The questions in the case all relate to the lawful existence of the highway. It was not established by proceedings authorized by the statute. Its lawful existence, defendant claims, is based upon dedication and prescription, and testimony was introduced tending to support this view of the case. The court, as applicable to this testimony, gave full instructions stating and explaining the doctrine relating to dedication and prescription, and the rules of evidence applicable thereto. We have, with careful attention, studied these instructions and find them correct, and in accord with prior decisions of this court. The subjects of dedication and prescription, as applicable to highways, are, in these decisions, carefully considered and discussed at great length. See the following cases. *Brown v. Jefferson County*, 16 Iowa, 339; *Keyes & Crawford v. Tait*, 19 Id., 123; *Onstott v. Murray*, 22 Id., 457; *Ewell v. Greenwood*, 26 Id., 377; *Wilson v. Sexon*, 27 Id., 15; *Manderschid v. Dubuque*, 29 Id., 73; *State v. Crow*, 30 Id., 258; *Hougham v. Harvey*, 33 Id., 203; *Mosier v. Vincent*, 34 Id., 478; *Daniels v. C. & N. W. R. Co.*, 35 Id., 129; *State v. Tucker*, 36 Id., 485; *Kelsey v. Furman*, 36 Id., 614; *Gear v. C. C. & D. R. Co.*, 39 Id., 23; *Hougham v. Harvey*, 40 Id., 634; *State v. Green*, 41 Id., 693; *State v. K. C., St. J. & C. B. R'y*, 45 Id., 139; *State v. Schilb*, 47 Id., 611. We are not required to repeat the rules and arguments found in these cases. Their doctrines, for they are all in accord, must be regarded as the settled law of this State. The instructions follow these decisions in principle and often in language.

II. Counsel for plaintiff insist that, under the statutes of this state, highways cannot be established by prescription and dedication. In support of their position they cite the following sections of the Code:

1. HIGHWAY: dedication and prescription.

"Sec. 957. Highways may be established without the appointment of a commissioner, provided the written consent of all the owners of the land to be used for that purpose be first filed in the auditor's office; and if it is shown to the satisfaction of the board of supervisors that the proposed highway is of sufficient public importance to be opened and worked by the public, they shall make an order establishing the same, from which time only shall it be regarded as a highway.

"Sec. 967. If the same has not been heretofore done in any other manner, the county auditor shall within six months after this Code takes effect cause every highway in his county, the legal existence of which is shown by the records and files of his office, to be platted in a book to be obtained and kept for that purpose, and known as the "Highway Plat Book." Each township shall be platted separately, on a scale of not less than four inches to the mile, and such auditor shall have all changes in or additions to the highways legally established immediately entered upon said plat book, with appropriate references to the files in which the papers relating to the same may be found."

These provisions are found in the chapter upon the subject "of establishing highways." The section first quoted simply dispenses with the appointment of a commissioner when the written consent of all the land owners is filed, and authorizes in such a case the supervisors to establish the road if it be of sufficient public importance. The other section requires plats to be made by the auditor of all highways, "the legal existence of which is shown by the records and files of his office." The very language of the section last quoted implies that there are highways whose legal existence is not shown in the manner indicated. Among such highways are those resting upon prescription and dedication. It is very plain that these provisions cannot be construed to forbid the existence of highways by prescription and dedication. The position of counsel demands no further attention.

III.   Code, § 2031, provides that in actions of this kind

the use of a highway shall not be admitted as evidence of
adverse possession, which must be established by
evidence independent of the use, and proof that
the land owner had express notice thereof. The chapter in
which this provision is found is copied from the statutes of
Massachusetts and Rhode Island, and was introduced into
the Code of 1873. The last section of the chapter (2036)
provides that it shall not apply to easements already acquired.
The road in question has been used for more than twenty
years, and if a dedication or prescription exists, it reaches
back that far. The easement thereunder was in existence
when the provision became the law, and it is not, therefore,
applicable to this case. We need not inquire whether it
would cover the facts before us if it were applicable.

*2. ——: ——: use.*

IV. An instruction directed the jury that if they found
that bars or fences were constructed across the road by plain-
tiff, " this would *tend* to rebut the presumption"
of dedication or prescription. It is insisted that
the word *tend* vitiates the instruction, as the erection of the
impediments would absolutely rebut the presumption referred
to. The mere construction of bars or fences, without main-
taining them for a sufficient time, would not absolutely rebut
the presumption, but it would tend in that way.

*3. ——: ——: instructions,*

V. The court instructed the jury that to establish pre-
scription or dedication " there would be no particular amount
of travel necessary      *      *      * ; it would be sufficient
if traveled over as much, or about as much as it would have
been had it been laid out according to statute      *      *      *
and traveled as much as the circumstances of the surround-
ing population and their business required." Counsel insist
that this instruction is erroneous because a road may be
traveled by a few people only, and under the rule recognized
it may not be traveled at all, for many roads established under
the statute are not used. The law does not fix the number
that must travel upon a road in order to determine whether
it exists by dedication or prescription. It must be used by

the public, and the *public* are all who have occasion to use it. If the use ceases, it ceases to be a road. We think the instruction is correct.

VI. It is insisted that the verdict is not supported by the testimony. The evidence is conflicting, and it is probable that the preponderance is with plaintiff. But there is not such absence of proof as will authorize the conclusion that the verdict was the result of passion or prejudice on the part of the jury. We cannot, therefore, interfere.

AFFIRMED.