HENRY C. POTTER ET AL. v. NORMAN D. SAFFORD.

*Highway by user— Construction of statutes.*

User for ten years will not of itself make a road a public highway if proceedings have not been taken to lay it out or establish it as one. Comp. L. § 1268.

Every word in a statute must be presumed, where possible, to have some force and meaning and to have been made use of for some purpose.

Comp. L. § 1268 in providing that "all roads not recorded which have been used ten years or more, or which may hereafter be laid out and not recorded, and which shall have been used ten years or more, shall be deemed public highways," means that where the public authorities have taken proceedings for the establishment of a public way, a party proposing to contest them must do so *within a reasonable time.*

Error to Saginaw. (C. H. Gage, J.) Jan. 9.—Jan. 18.

TRESPASS. Defendant brings error. Affirmed.

*Tarsney & Weadock* for appellant, cited *Bumpus v. Miller* 4 Mich. 159.

*Wisner & Draper* for appellees, cited as to the actual and continued user necessary for making a road a highway: "Highways by Limitation or Adverse User," 7 Cent. L. J. 123; *State v. Green* 41 Ia. 693; *State v. Tucker* 36 Ia. 485; *State v. Joyce* 19 Wis. 91; *Hanson v. Taylor* 23 Wis. 554; *Tupper v. Huson* 46 Wis. 646.

COOLEY, J. Trespass to lands. The defense is that the *locus in quo* is a public highway. As the title of the plaintiff was not disputed, the case turns on the evidence given to establish the existence of the public way.

The sole evidence given on that subject was evidence of user by the public as a highway, which it was claimed had continued for more than ten years previous to the alleged trespass. The plaintiffs disputed this, but they also claimed that, admitting the user relied upon, it was immaterial unless it had continued for sufficient length of time to bar a right of entry; which, under existing statutes, must be fifteen years.

The defense rely upon the statute which provides that "all public highways now in use and duly recorded, and all roads not recorded which have been used ten years or more, or which may hereafter be laid out and not recorded, and which shall have been used ten years or more, shall be deemed public highways, subject to be altered or discontinued, according to the provisions of this act. Comp. L. § 1268.*

While the defense claims to have proved the public use for the full period of ten years, there was no proof or offer of proof to show that the supposed highway had ever been laid out. Neither was it claimed that a highway had ever been

---

* The whole section is as follows:

(1268) SEC. 17. Every public highway *already laid out or hereafter to be laid out,* no part of which shall have been opened and worked within four years after the time of its being so laid out, shall cease to be a road for any purpose whatever. And all public highways now in use and duly recorded, and all roads not recorded which have been used ten years or more, or which may hereafter be laid out and not recorded, and which shall have been used ten years or more, shall be deemed public highways, subject to be altered or discontinued, according to the provisions of this act.

established by dedication, or that it had come into existence otherwise than by force of this statute. The question, then, is, whether user alone for ten years is sufficient.

It is very evident that the statute does not in terms make the user sufficient. It is only a road "laid out" that becomes a highway by ten years' user. If the user is sufficient without any laying out of the road, these words in the statute, which seem to create a condition, would seem to be wholly immaterial and meaningless.

But it is said on behalf of the defendant that if a road is "laid out" under the statute it becomes a highway immediately, and needs the aid of no user to perfect it or give it legality. This is true if the proceedings in laying it out are in compliance with the statute; it then becomes a highway whether it is ever recorded or not. But it is notorious that the proceedings in a great many cases are carelessly managed and defective, and will not stand the test of legal scrutiny. In a strict sense a road is not laid out unless the proceedings are in conformity with the law, but in a popular sense every road may be said to be laid out where proceedings have been taken by the highway authorities for the purpose, however irregular the proceedings may be, or however imperfect.

We must suppose every word employed in a statute has some force and meaning, and was made use of for some purpose. The words "laid out" in this statute have therefore some office to perform. They are meaningless if they are taken in the strict legal sense, for then the user is made unimportant. We must therefore assume that they are meant to apply to those cases in which there has been a laying out of a highway not in strict conformity to the law so that the user becomes important to perfect it.

We do no violence to the language by this construction, and it makes the statute accomplish an important and useful purpose. It is of great importance that after a way has been used for many years in reliance upon proceedings supposed to be effectual to constitute it a highway, that parties who had acquiesced should not be encouraged or suffered to

inquire into technicalities for the purpose of defeating the public right. Ten years is ample time to allow for contesting such proceedings; if the time were shortened it would, I think, be still better. And we think this was the intent of the statute. It was meant that where the public authorities had taken proceedings for the establishment of a public way, a party proposing to contest them should come in a reasonable time for the purpose.

The judgment is correct, and must be affirmed with costs.

The other Justices concurred.