THE VILLAGE OF GRANDVILLE v. LUMAN JENISON AND
LUCIUS JENISON.

*Highways—Encroachment — Bill in equity—Parties — Dedication—
Acceptance—User—Evidence.*

1. Several persons who are encroaching upon a public street, but who are in no way connected with or dependent on each other in such action, need not be joined as defendants in a suit to remove an obstruction maintained by one of them.

2. The failure by the public for 20 years to accept an offer by land-owners to dedicate land for a street, and its occupancy for 14 years more, by the owner of the land to which the easement was appurtenant, in such a way as to indicate a denial of any right of the public therein, will estop the public from asserting such right. *Field v. Village of Manchester,* 32 Mich. 281.

3. The adoption by the public of a road laid out in *fact,* but not legally under the statute, and its use to the full extent that the public had occasion to use it for the statutory period, will constitute it a highway by user under Comp. Laws 1871, § 1268.

4. Evidence of the general understanding in the community that a certain street in public use was a highway, and of the refusal of the supervisor to assess the land so used, although requested to do so, on the ground that it was a highway, is admissible to show its public character.

5. The rights of the public in a highway will not be lost by anything short of an actual abandonment of the use by which they secured it.

6. The statute does not fix the number who must travel upon a highway in order to determine whether it exists by user. It must be *used* by the public, and the public are all who have occasion to use it.

7. The following general propositions are summarized from the opinion of Mr. Justice CAHILL:

a—Since 1827 the forms of law required to be followed in this State to effectuate a statutory dedication of land to public use have remained substantially unchanged. Changes have been made in matters of detail, but from the first the statute

has required a plat or map showing the land intended to be dedicated to be made and acknowledged by the proprietor, and recorded in the office of the register of deeds.

*b*—The effect of such a statutory dedication has been to vest the fee in the county, in trust for the municipality intended to be benefited, whereas, at common law, the act of dedication created only an easement in the public; citing *Wanzer v. Blanchard,* 3 Mich. 16; and it has therefore been held that nothing short of a strict compliance with the terms of the statute, as to the acknowledgment and recording of the plat, would constitute a *present* grant to the public; citing *People v. Beaubien,* 2 Doug. 270; *Burton v. Martz,* 38 Mich. 761.

*c*—The right to make common-law dedications is not abridged by the statutory regulations providing for dedications in certain specific ways; citing *People v. Beaubien,* 2 Doug. 270; *Baker v. Johnston,* 21 Mich. 319.

*d*—Making a plat of land by the proprietor, showing lots, blocks, and streets, evidently for the use of those who shall come to occupy the property, and their subsequent sale in such subdivisions, according to the plat, is one of the clearest ways of declaring an intention to dedicate, and has been held to conclude the owner, so far as the rights of subsequent purchasers are concerned; citing 5 Amer. & Eng. Enc. Law, tit. "Dedication," 405; but he is not concluded, as to the public, unless the dedication is accepted by the public; citing *People v. Jones,* 6 Mich. 176; *Tillman v. People,* 12 Id. 401; *Lee v. Lake,* 14 Id. 12; *Detroit v. Railroad Co.,* 23 Id. 173; and such acceptance must be within a reasonable time; citing *County of Wayne v. Miller,* 31 Mich. 447; *Field v. Village of Manchester,* 32 Id. 281; *Supervisors v. Banks,* 44 Id. 468.

Appeal from Kent. (Burch, J.) Argued October 21 and 22, 1890. Decided December 24, 1890.

Bill to remove an obstruction from a public street, etc. Defendants appeal. Decree granting the relief prayed for affirmed. The facts are stated in the opinion.

*Taggart, Wolcott & Ganson,* for complainant, contended:

1. Complainant insists that both by user and by acceptance of the offered dedication of this street by the original platters, in which defendants' predecessor in title expressly acquiesced, the rights of the public therein are established.

2. Under Comp. Laws 1871, § 1268, all highways used for ten

years or more, though not legally established, are deemed public highways; and, while the statute fixes the width of such roads at four rods, it does not follow that no road can be established by user of a less width, nor does a slight variation, and even for two or three rods, affect the right of the public to the street, when the owner has acquiesced in its claims for a sufficient length of time; citing *Bumpus v. Miller*, 4 Mich. 159; *Detroit v. Railroad Co.*, 23 Id. 173; *Pratt v. Lewis*, 39 Id. 7; *Nye v. Clark*, 55 Id. 600; and a general use of public country ways is all that is required; citing *Detroit v. Railroad Co.*, 23 Mich. 173; and when once established, and used as such for ten years, the highway can only be changed by statutory proceedings; citing *Pratt v. Lewis*, 39 Mich. 7; and although grown up to brush outside of the traveled track, if worked, surveyed, and fenced, it is properly treated as a highway; citing *Nye v. Clark*, 55 Mich. 600.

3. In establishing the character of a rarely traveled highway by user, evidence of an understanding in the community that the way was public is admissible, in connection with evidence of its use, as tending to negative any supposition that such use was by license or sufferance; citing *Wicks v. Ross*, 37 Mich. 464.

4. The ten-year statute has been held not applicable, unless some proceedings have been taken to lay out or establish a street; and it is immaterial that they are irregular; citing *Potter v. Safford*, 50 Mich. 46.

5. In *Scheimer v. Price*, 65 Mich. 638, it was held that a highway by user only included so much land as was used for that purpose, and that it could not be extended upon adjacent lands, against the consent of the owner, except under proper condemnation proceedings; and a highway may be lost by nonuser; citing *Gregory v. Knight*, 50 Mich. 61; *Coleman v. Railroad Co.*, 64 Id. 160.

6. From the authorities cited it is clear that the claim of defendants that a portion of the street had been occupied, so that a street four rods in width was not in actual use, is immaterial, and if such were the fact it would be no bar to the retention of the portion used.

7. It is not claimed that the plat was executed under the statute, or that by its preparation and use in the sale of lots the dedication became complete, but that such acts were an *offer* to dedicate, which, if accepted before its withdrawal, perfected the right of the public to the street; citing *People v. Jones*, 6 Mich. 182; *Lee v. Lake*, 14 Id. 12; *Baker v. Johnston*, 21 Id. 320; *Detroit v. Railroad Co.*, 23 Id. 208; *White v. Smith*, 37 Id. 291; *Buskirk v. Strickland*, 47 Id. 389; and, while to

avoid such withdrawal the acceptance must be within a reasonable time, yet as long as the original proprietor, or those claiming through him, take no steps to withdraw the offer, it must be considered as a continuing one; citing *White v. Smith,* 37 Mich. 291.

8. The acceptance may be by user only; citing *Baker v. Johnston,* 21 Mich. 320; and steps taken to improve the property before revocation of the offer is a sufficient acceptance, and a revocation after acceptance is unavailing; citing *Chapin v. State,* 24 Conn. 239; and the acts and declarations of a party after the dedication has become a plat cannot have the effect of revoking or annulling the dedication, but acts at the time of or before dedication or acceptance may be shown as bearing on the intent; citing *Marble v. Price,* 54 Mich. 466; *Match Co. v. Ontonagon,* 72 Id. 249

9. Both parties claiming from the plat, and the owners of the land at the time it was made, the regularity of its execution is not open to question; citing *Johnstone v. Scott,* 11 Mich. 232; *Quinnin v. Reimers,* 46 Id. 608; *Wiley v. Lovely,* Id. 83.

*Godwin, Adsit & McKnight (E. A. Maher,* of counsel), for defendants, contended:

1. After the discovery that Jannes and Stenje Hovingh were in possession of and claimed title to a portion of the land claimed in the bill as South street, and charged to be in the possession of the defendants, the bill should have been amended, and said parties brought in; citing *Walker v. Railway Co.,* 47 Mich. 338.

2. Where the only claim made by an incorporated town is by virtue of a *recorded* plat by which a strip of ground is dedicated, but there is no evidence that the person who caused the plat to be recorded had any title to the land, nor any evidence of such user by the public as to establish the street by prescription, the establishment of a public highway is not shown; citing *Edenville v. Railway Co.,* 77 Iowa, 69; and in this case the plat was neither acknowledged nor recorded, nor does it appear to have been made by the owner of the land, nor who the owner was.

3. Acknowledgment is the essential act of dedication, and without it the plat has no force of itself for any purpose; citing *People v. Beaubien,* 2 Doug. 256; *Burton v. Martz,* 38 Mich. 762; and an unrecorded plat is no offer of dedication; citing *Bell v. Todd,* 51 Mich. 21; *Parent v. Boswell,* 59 Id. 308; nor could there be a dedication except by the owner; citing *Detroit v. Railroad Co.,* 23 Mich. 173; and marking a space on a village

plat as a street does not necessarily make it a public highway; citing. *Buskirk v. Strickland,* 47 Mich. 389; *Graham v. Poor,* 50 Id. 153.

4. A public highway was never established over this land by user. If the public ever acquired an easement over the land, it was by user, which must have been to the public at large; citing *Tupper v. Huson,* 46 Wis. 646; and merely passing over a strip of land for any length of time is not alone sufficient to convert it into a public highway, but it must have been accepted as such by the public authorities; citing *Irving v. Ford,* 65 Mich. 241.

5. User, by the public, of land for the purpose of travel, will not alone establish a dedication; there must be an intent to dedicate, which must be shown by clear evidence; citing *People v. Jones,* 6 Mich. 176; *Cook v. Hillsdale,* 7 Id. 115; *Lee v. Lake,* 14 Id. 12; and user of this so-called "street," while a portion of a common, by travel over or across the common within and without the limits of the alleged street, wherever the ground was best adapted to it, was not sufficient to prove acceptance by the public authorities of a dedication, even though an intent to dedicate were shown; citing *Detroit v. Railroad Co.,* 23 Mich. 174; nor was it sufficient evidence of dedication on the part of Osterhouse that he had knowledge of the use of his uninclosed land by the public, or of any part thereof; citing *Stacey v. Miller,* 14 Mo. 478; *Harding v. Jasper,* 14 Cal. 648.

6. If it is found that there was any offer by a competent party to dedicate the land for a public highway at any time during the years from 1871 to 1876, there was a release or abandonment by the township authorities and the public of the same by non-user; citing *Cooper v. Detroit,* 42 Mich. 584.

7. An easement may be lost by abandonment, which may be shown by a non-use for even a short time, accompanied by acts of the public authorities indicating an intention to abandon the right; citing *Dana v. Valentine,* 5 Metc. 14; *Dyer v. Sanford,* 9 Id. 395; *Canny v. Andrews,* 123 Mass. 155; *Pope v. Devereux,* 5 Gray, 409; and from the time the stave company ceased to use the ground, in 1876, the township authorities did nothing to indicate that the public had any rights in it.

8. Non-user is *prima facie* evidence of an intention to abandon; citing *Jennison v. Walker,* 11 Gray, 425; *Farrar v. Cooper,* 34 Me. 400; *Pratt v. Sweetser,* 68 Id. 344; *White v. Crawford,* 10 Mass. 183; *Chandler v. Pond Co.,* 125 Id. 544; *Pillsbury v. Moore,* 44 Me. 154; *Wilder v. St. Paul,* 12 Minn. 208.

9. Highways may be wholly, and there is no reason, for holding

that they may not be partially, discontinued by non-user; citing *Gregory v. Knight*, 50 Mich. 64; *Coleman v. Railroad Co.*, 64 Id. 160; *Lyle v. Lesia*, Id. 16; and as it is clearly shown that there was never any grant of the land for a public highway, and if it was ever acquired for such purpose it must have been by user alone, in which case it could only be measured by such use, if the Court shall find that only a portion was used, the decree, covering more land than was so acquired, is erroneous, and should be set aside; citing *Wayne Co. v. Miller*, 31 Mich. 447; *Field v. Village of Manchester*, 32 Id. 279; *Pratt v. Lewis*, 39 Id. 7; *McKay v. Doty*, 63 Id. 581; *Coleman v. Railroad Co.*, 64 Id. 164.

CAHILL, J. The bill in this cause was filed to restrain the defendants from erecting a building in what is described in the bill as "South Street," in the village of Grandville, and to require the defendants to tear down and remove a building partially completed by them there. The defense is that the place where the building was being erected is not a public street, but property which the defendants had purchased and have a right to erect their building on.

The facts relied on by complainant to establish the existence of a street are that in 1837 the owners of the land where the village of Grandville is situated made a plat thereof into lots and blocks, and showing streets and alleys intended for public use, in accordance with which the village has since been built, and property conveyed from time to time. This map was neither acknowledged nor recorded as required by the statute of 1827, then in force. 2 Terr. Laws, 577. The original plat was of the E. ½ of the N. E. ¼ of section 18, in the township of Wyoming. The eastern addition to this plat was of the N. W. ¼ of the N. W. ¼ of section 17. It does not appear whether these plats were made at the same time, nor is it important, as the land in question is on the eastern addition, and it is conceded that that plat was made in 1837. South street, as indicated on these plats,

commenced at the south-west corner of the N. E. ¼ of
the N. E. ¼ of section 18, and ran from thence east on
the eighth line to the south-east corner of the N. W. ¼
of the N. W. ¼ of section 17. At the time these plats
were made, there were very few actual settlers at Grand-
ville. The expectations of the proprietors of the plat, in
regard to the growth of the village, were not realized.
The village was not incorporated as a village until 1885,
and has now a population of only about 600. Prior to
1871, no steps had ever been taken towards opening or
improving South street.

In 1857 one Nicholas Osterhouse bought, and had con-
veyed to him, a piece of land described as block 12,
eastern addition to the village of Grandville. Block 12,
according to the plat before referred to, was bounded on
the north by Ferry street, on the west by East street, on
the south by South street, and on the east · by Church
street. At the time of Osterhouse's settlement there,
none of these streets except East street were open or in
use. He built his house fronting on East street near the
south-west corner of the block, and south of that, and
upon what on the plat was shown as South street, he
built his barn. In this way he continued to occupy the
premises until August, 1871, when he conveyed a strip of
land 66 feet wide, through block 12, for the use of the
Grand Rapids & Holland Railroad Company for a right of
way. In October following he conveyed to the same rail-
road company—

"All that part of block 12 that lies south of the por-
tion of said block heretofore deeded to said railroad com-
pany,     *     *     *     and bounded on the east by Church
street, on the south by South street, and on the west by
East street."

The land so deeded by him to the railroad company was
that upon which his house was situated. Soon after, his
house was removed, and the depot of the railroad com-

pany built not far from but slightly east of the same site. The barn was also removed from South street.　During that same season a stave-mill was erected something over a block east of East street, and a little south of South street.　There was no convenient means of access to this mill.　On October 3, 1871, a petition was made to the highway commissioners of the township of Wyoming, by Mr. Knowles, at that time station agent of the railroad company, and seven others, who described themselves as freeholders of that township, requesting them—

"To open State street, in the village of Grandville, from East street east to Church street, and also to lay out and establish a public highway commencing at some point on Church street, south of the Grand Rapids & Holland Railroad land, running easterly, parallel to and adjoining the land of said railroad company, to Ottawa street."

It will be noticed by reference to the plat, a copy of which is appended, that State street is a diagonal street,

running north-east, and crossing East street a short distance south-west of the point at which it would form a junction with South street.

It appears that a Mr. Keil, the owner of the land through which State street would run if opened, objected to the opening of that diagonal street, but offered, in case the commissioners would act upon it, to give sufficient land along his north line, east of East street, and lying immediately south of the eighth line, between East street and Church street, to make, as shown on the plat, a street of four rods in width from East street to Church street.    Mr. Freeman, who was at that time one of the commissioners of highways, was examined as a witness for the complainant, and · testified that the commissioners acted upon this offer, and proceeded to lay out a street four rods wide, commencing at East street and running due east to the stave-mill, then in operation.    He testified that the street so laid out was immediately adjoining the land deeded by Osterhouse to the railroad company, as the south part of block 12.    Through the center of this newly-laid street was a fence running east and west, supposed to be built on the eighth line.    There was also a fence running from the south-west corner of the railroad ground, south.    These fences were ordered to be, and were in fact, removed. by Mr. Kell two rods south, so as to form the southerly line of the street, and that along East street was taken down.    It appears that Mr. Knowles, representing the railroad company, and the owners of the stave-mill were the principal movers in this proceeding to open up a street, and that the street so opened corresponded with that shown upon the plat as South street. Mr. Freeman testified that he thought a record of the opening of this street was made, but no record appears in the town-clerk's office, and, as the petition under which he acted did not ask for the opening of the street which

was in fact opened, it is not important that no further record was made of the action taken. It must be conceded that the commissioners were acting without jurisdiction in attempting to open South street upon a petition which asked for the opening of State street.

However irregular this action of the commissioners may have been, the parties immediately interested acquiesced in it; the street was opened and improved, and, during the following four or five years, was in constant use for travel by those who had business at the stave-mill or with the depot. There was also a family named Fleming, living near the stave-mill, who used this road in going to and from the business part of the village. During the year 1872 the overseer of highways expended some labor upon the street so laid out, but in 1873 declined to do so upon the ground that the labor was more needed in other localities. The proprietors of the stave-mill expended considerable labor in turnpiking and improving the street. In 1876 the stave-mill discontinued business, and the buildings formerly used as a stave and planing mill were only used in a small way as a cooper-shop. But public travel was not discontinued entirely over this street. The testimony shows that people continued to live in the Fleming house, and that the cooper-shop continued to be operated more or less, and that persons having occasion to visit either of these places were compelled to travel over this street, unless they trespassed upon the railroad or other private grounds. This situation continued until the last of August, 1889, when the defendants entered into possession of the north half of South street, fronting upon East street, and commenced the erection of a two-story frame building. They claimed the right to do so under a deed from Nicholas Miller, dated August 23, 1889, conveying to them—

"The north half of South street, so called, on the south side of block 12, in the village of Grandville, Kent county, Michigan, being two rods front on East street according to the recorded plat thereof."

Miller claimed title from Nicholas Osterhouse under a deed dated July 16, 1889, conveying the same discription of land. On September 10, after the defendants commenced the erection of their building, action was taken by the village council to prevent the same. The village marshal was instructed to notify parties obstructing South street to remove obstructions immediately. On September 16 the following preamble and resolution were adopted:

"*Whereas,* the council of the village of Grandville have, by resolution, instructed the marshal of said village to remove obstructions from South street; and whereas, one Luman and Lucius Jenison have caused an obstruction to be placed in said street, and have refused and neglected to remove the same in accordance with the resolution of said council, after notice and request by said marshal: *Therefore resolved,* that J. W. Cooper, J. S. Graham, and Tzar Caldwell be, and they are hereby, appointed a committee to institute the necessary suit in the name of the corporation of the village of Grandville, to enforce the rights of the said village in said street, to establish its title thereto, and cause to be removed all obstructions therefrom. Motion to adopt made and carried."

In pursuance of that resolution this bill was filed. It appears that, in addition to the obstructions which the defendants had placed in this supposed street, a Mrs. Hovingh has erected a house and barn on the south side of and partially in the street, and that other persons occupying adjoining lands have erected chicken parks within the line of the street, and have occupied them for several years; also that people have piled wood and lumber, at various times, within the line of the street; but it does not appear that any of these encroachments

have excluded the public from the use of the traveled part of the street.

One objection raised to this bill by the defendants is that it is defective for want of parties; that Mrs. Hovingh and the other parties obstructing the street should have been made parties. There is no force in this objection, as the rights of the various persons making encroachments upon the street are in no way connected with, or dependent on, each other, nor does it appear that any persons, excepting the defendants, have refused to remove their encroachments when requested.

Upon this state of facts we have to determine whether the land upon which defendants have erected their building is a public street. It is claimed that it is a street, first, by dedication. It is not claimed that there has been a dedication under the statute. Since 1827 the forms of law required to be followed in this State to effectuate a statutory dedication of land to public use have remained substantially the same. Changes have been made in matters of detail, but from the first the statute has required a plat or map showing the land intended to be dedicated to be made and acknowledged by the proprietor, and recorded in the office of the register of deeds. The effect of such statutory dedication, unlike a dedication at common law, has been to *vest the fee* of such parcels of land as are therein expressed, named, and intended to be for public use *in the county* in which the same shall be, for the uses and purposes intended. 2 Terr. Laws, 577 (How. Stat. chap. 32). The effect of a dedication under the statute has been to vest the fee in the county, in trust for the municipality intended to be benefited, whereas, at common law, the act of dedication created only an easement in the public. *Wanzer v. Blanchard,* 3 Mich. 16. It has therefore been held that nothing

84 MICH.—5.

short of a strict compliance with the terms of the statute, as to the acknowledgment and recording of the plat, would constitute a present grant to the public. *People v. Beaubien,* 2 Doug. 270; *Burton v. Martz,* 38 Mich. 761; 2 Dill. Mun. Corp. § 491, and cases cited.

The right to make common-law dedications is not abridged by the statutory regulations providing for statutory regulations in certain specific ways. *People v. Beaubien, supra; Lee v. Lake,* 14 Mich. 12; *Baker v. Johnston,* 21 Id. 319; 2 Dill. Mun. Corp. § 493. The making of a plat of lands by the proprietor, showing lots, blocks, and streets, evidently for the use of those who shall come to occupy the property, and the subsequent sale of the property in lots or blocks, according to such plat, as was done in this case, is one of the clearest ways of declaring an intention to dedicate. Such an act has been held to conclude the owners, so far as the rights of subsequent purchasers are concerned. 5 Amer. & Eng. Enc. Law, tit. "Dedication," 405, and cases cited. But the owner is not concluded, as to the public, unless the dedication be accepted by the public. *People v. Jones,* 6 Mich. 176; *Lee v. Lake, supra; Tillman v. People,* 12 Mich. 401; *Detroit v. Railroad Co.,* 23 Id. 173. It was said in *Tillman v. People,* 12 Mich. 405, which was the case of a supposed street, that—

"It was essential, before such dedication could become effectual, that it should be accepted by the proper authorities on behalf of the public; that such acceptance should be manifested by some act of the public authorities, either formally confirming or accepting the dedication, and ordering the opening of such street, or by exercising authority over it in some of the ordinary ways of improvement or regulation."

The acceptance must be within a reasonable time. *County of Wayne v. Miller,* 31 Mich. 447; *Field v. Village*

*of Manchester*, 32 Id. 281; *Cass Co. Sup'rs v. Banks*, 44 Id. 468.

In this case the offer of dedication was made in 1837. Nothing was done by the public to indicate an acceptance of the offer for 20 years, when Nicholas Osterhouse, who had become the owner of the adjoining property, and to which this easement was appurtenant, took possession of the land, built a barn upon that portion that had been offered to the public for a street, and continued to occupy the same for 14 years, in such a way as to indicate a clear intention not to recognize the right of the public in it. The rule declared in *Field v. Village of Manchester*, 32 Mich. 281, applies here, and it must be held that the public have no rights in this property by right of the dedication.

It remains to be considered whether any rights have been obtained by user since 1871. It is clear, as has been said, that the action of the commissioners in 1871 was not a lawful laying out of a road under the statute. It is equally clear that the commissioners laid out a road in fact, which the public adopted, and have used to the full extent that they had occasion to use it from that time until prevented by the defendants' encroachments. The evidence shows that, up to the time when travel was interrupted by the defendants, that portion of the street where their building stands was well worn with travel from teams going to and from the depot. The street further east was not so much used, but it was used when needed. The statute in force in 1871 (Comp. Laws 1871, § 1268), and in force substantially at the present time (How. Stat. § 1315), provides that—

"All public highways now in use and duly recorded, and all roads not recorded which have been used ten years or more, or which may hereafter be laid out and not recorded, and which shall have been used ten years or more, shall be deemed public highways, subject to be

altered or discontinued according to the provisions of this act."

This statute applies to this case. *Ellsworth v. Grand Rapids*, 27 Mich. 249; *Potter v. Safford*, 50 Id. 46; *Nye v. Clark*, 55 Id. 600.

Evidence of the general understanding in the community that South street was a highway was properly admitted. It was competent also to show that the supervisor had refused to assess the land, although requested to do so, on the ground that it was a highway. *Wicks v. Ross*, 37 Mich. 464.

The encroachments upon this highway made at various times by the building of chicken parks, piling of lumber, wood, etc., which did not obstruct travel, did not necessarily show a non-user. The statute recognizes the fact that such things will occur, and provides a remedy. But the rights of the public will not be lost by anything short of an actual abandonment of the use by which they secured it.

The extent to which a road is traveled does not govern. The law does not fix the number who must travel upon a road in order to determine whether it exists by user. It must be used by the public, and the public are all who have occasion to use it. In the case of *Baldwin v. Herbst*, 54 Iowa, 168, it was held that it would be sufficient to constitute a highway by user if it was traveled over as much, or about as much, as it would have been if it was laid out by the statute, and traveled as much as the circumstances of the surrounding population, and their business, required.

The decree of the circuit court was in accordance with these views, and is affirmed, with costs.

CHAMPLIN, C. J., MORSE and GRANT, JJ., concurred. LONG, J., did not sit.