VILLAGE OF RIVERVIEW *v.* A. G. LIGGETT & SONS CO.

1. HIGHWAYS AND STREETS—HIGHWAY BY USER.
    Extent to which road is used does not govern in determining whether it exists by user, but it is sufficient if it was used as much as business of surrounding population required.

2. SAME—STATUTES.
    In suit to enjoin obstruction of highway, evidence *held*, sufficient
    to establish highway by user, under 1 Comp. Laws 1915, § 4307.

3. JUDGMENT—EVIDENCE—HIGHWAY BY USER.
    Decree in former suit that road exists by user has some eviden-
    tiary value in present suit involving same road, although not
    binding because between different parties.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted October 29, 1930. (Docket No. 7, Calendar No. 34,676.) Decided January 7, 1931.

Bill by Village of Riverview and others against A. G. Liggett & Sons Company, a Michigan corporation, and another to enjoin obstruction of a highway. Decree for plaintiffs. Defendants appeal. Affirmed.

*Ralph B. Clark*, for plaintiffs.

*Atkinson, O'Brien, Clark & Ortman* (*Frank W. Atkinson*, of counsel), for defendants.

BUTZEL, C. J. The sole question in this case is whether the easterly terminus of Mud road, now known as Sibley road, in the township of Monguagon, Wayne county, Michigan, has through user become a public highway under section 4307, 1 Comp. Laws 1915. This road is 66 feet in width and runs in an easterly and westerly direction for a distance of several miles along section lines. The northerly 33 feet of the road lie in section 5, and the southerly 33 feet in section 8 of the township. It is the only road to the water front for a considerable distance north and south of it. The portion of the road in dispute never was dedicated or condemned. It is admitted that it is a public highway up to several hundred feet of Monguagon creek, a tributary of the Detroit river, by which name it is also frequently

called. The south side of the road lies in the village of Sibley, and the north side in the village of Riverview. These two villages are the plaintiffs in the case.

The A. G. Liggett & Sons Company, a corporation engaged in boat building, together with A. G. Liggett, its president, are the defendants. They claim to own both sides of the most easterly part of the property claimed as a road and leading to the waterfront. They maintain their boat works on this property. They attempted to use the waterfront along the disputed strip of land for their plant, whereupon the plaintiffs brought injunction proceedings. A decree was rendered in plaintiffs' favor; it not only permanently enjoined defendants from obstructing the road but also annulled that part of a recorded plat known as the Riverview Manor Subdivision, wherein it was sought to subdivide that portion of the road leading to the waterfront.

The case solely presents a question of fact. Defendants claim that there never has been a public user of the road in the vicinity of and abutting the waterfront; that whatever use was made by the public was an extremely limited one; that the road was occasionally used at nighttime by violators of the liquor law and without defendants' knowledge; that the use made during the daytime was with the consent and permission of defendants and their grantors; that the approach to the waterfront was marshy and not suited for public travel during the larger part of the year, and that the very nature of the ground, particularly up to recent years, showed that it could not have been used as a road.

Plaintiffs, on the other hand, showed that for over 50 years the strip of land has been used as a con-

tinuous road right up to the waterfront; that the
farmers used it without permission or objection on
the part of anyone; that they brought tank wagons
to the waterfront in times of drought in order to
take water to their farms; that they brought their
cattle to the waterfront in order to water them;
that they used the road for the purpose of hauling
ice from the river, to go fishing, etc. The vicinity
in question is very sparsely populated and it would
naturally follow that the road could not have been
used to a great extent even if it had been regularly
dedicated as a public road. The correct rule is
stated in *Village of Grandville* v. *Jenison,* 84 Mich.
54:

"The extent to which a road is traveled does not
govern. The law does not fix the number who must
travel upon a road in order to determine whether it
exists by user. It must be used by the public, and
the public are all who have occasion to use it. In
the case of *Baldwin* v. *Herbst,* 54 Iowa, 168 (6 N. W.
257), it was held that it would be sufficient to con-
stitute a highway by user if it was traveled over as
much, or about as much, as it would have been if it
was laid out by the statute, and traveled as much as
the circumstances of the surrounding population,
and their business, required."

The testimony as to the use of the road is con-
flicting, but we can not overlook the following facts:
A map of the township, appearing in the Burton
Atlas of 1876, and introduced in testimony, shows
the easterly terminus of the road to be the river or
creek. The marking on the map shows the shore
line of the entire vicinity to be marshy ground. The
Sauer map, published in 1893, likewise produced in
evidence, also shows the road ended at the water
edge. The road also was the subject of former

litigation between the Monguagon township board and others, and while the decree would not be binding upon the present defendants, who were not parties to the former suit, nevertheless, the decree has some evidentiary value. In that suit, No. 64881 in the circuit court for the county of Wayne, in chancery (*Lester* v. *Ellery*), the decree entered on January 22, 1919, held that the terminus of Mud road was the center of Monguagon creek, a branch of the Detroit river, and that said creek was a navigable stream, and that the defendant in that suit had no interest in said public highway and particularly the portion thereof extending to the center of said Monguagon creek. What is still more persuasive, however, is the undisputed testimony in the present case that the water main, which is part of the water system of the village of Sibley, was built along the road in question and a fire hydrant was constructed along the disputed strip in front of defendants' property. Further, that the main trunk line of the sewer system which serves the village of Sibley was built under this road. It runs up to and empties into the Monguagon creek. It was further shown that while the excavation for the sewer was being dug, a section of what appeared to be an old corduroy road was found below the surface. The records of Monguagon township further show that both in 1916 and 1919 a small sum of public money was expended for work on the disputed strip of the road.

Defendants show that the only objection they made to the building of the sewer was that they protested against the outlet at the terminus of the road solely because they did not want the stream polluted in front of their boat works. They made no other objections to any of these improvements.

Taking all these facts into consideration, and further, that the trial judge heard and saw all of the witnesses, we are led to the conclusion that he was correct in granting a decree as prayed for by the plaintiffs, which decree is affirmed, with costs to plaintiffs.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.