## JAROSKE *v.* HURFORD.

1. APPEAL AND ERROR—PLAINTIFF'S MOTION FOR DIRECTED VERDICT AS
   TO LIABILITY—EVIDENCE.

   The evidence is viewed favorably to defendant on his appeal from
   order granting motion of plaintiff for direction of verdict to
   impose liability.

2. AUTOMOBILES—RIGHT SIDE OF HIGHWAY.

   A motorist cannot be held guilty of negligence in unconsciously
   failing to keep to the right of the highway, where that is
   impossible by reason of circumstances over which he has no
   control, and for which he is in no sense responsible.

3. APPEAL AND ERROR—QUESTION FOR TRIER OF FACTS—PREPONDER-
   ANCE OF EVIDENCE.

   The trier of facts is permitted a wise discretion in determining
   what the facts are, and the Supreme Court does not substitute
   its judgment on questions of fact unless the facts clearly pre-
   ponderate in the opposite direction.

4. AUTOMOBILES—NEGLIGENCE—DIRECTED VERDICT—EVIDENCE.

   Evidence presented in eastbound motorist's action for personal
   injuries sustained as he neared a stopped vehicle ahead of him
   when defendant's westbound truck suddenly came across slip-
   pery snow-covered highway and collided with plaintiff's car,
   although sufficient to sustain plaintiff's burden of proof that
   defendant was negligent, *held*, to have presented a question of
   fact as to defendant's causal negligence for consideration of
   jury rather than to have justified direction of verdict of lia-
   bility with amount of damages determinable by jury.

Appeal from Mackinac; Baldwin (George S.), J.,
presiding. Submitted June 2, 1964. (Calendar No.
5, Docket No. 50,336.) Decided September 2, 1964.

Case by Stanley R. Jaroske against William Hur-
ford and Marion Hurford, continued against sur-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 886.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 219.
[3] 5 Am Jur 2d, Appeal and Error § 833.
[4] 8 Am Jur 2d, Automobiles and Highway Traffic § 1011.

viving defendant William Hurford, for personal injuries sustained in collision of motor vehicles. Directed verdict and judgment for plaintiff, with subsequent order of remittitur. Defendant appeals. Plaintiff cross-appeals. Reversed and remanded for new trial.

*Brown & Brown* (*Prentiss M. Brown, Jr.*, of counsel), for plaintiff.

*McNamara & McNamara* (*Edward G. McNamara, Jr.*, of counsel), for defendant.

BLACK, J. This case, in controlling principle, cannot be distinguished from *Patzer* v. *Bowerman-Halifax Funeral Home*, 370 Mich 350. Each of the 2 cases has brought up for review the fact of a violent automotive collision on a snow-driven and weather-dangerous trunk line of the northern peninsula, with each plaintiff having made out a *prima facie* case of actionable negligence on the part of the respective defendant motorists. The question here, as in *Patzer*, is whether the plaintiff's motion for an instructed verdict of liability should have been granted. We hold in negation and therefore reverse the trial judge's grant of such motion.

The aforesaid instruction having been given, together with appropriate instruction upon the subject of damages, the jury returned a verdict for plaintiff in the sum of $20,000, upon which verdict judgment entered. On motion for new trial the amount of the judgment was reduced by the trial judge to $15,000.* Judgment for plaintiff thereupon entered in that amount. Defendant William Hur-

---

* The remission was expressly ordered by the court and expressly accepted by plaintiff pursuant to the protective feature appearing in the final sentence of GCR 1963, 527.6.

ford only appeals, defendant Marion Hurford having deceased prior to entry of the appealed judgment. Plaintiff cross-appeals for the purpose of reinstating, as in GCR 1963, 527.6 provided, the aforesaid verdict and first judgment.

The circumstances of this wrong-side-of-the-road (for defendants) collision may, on view favorable to defendant-appellant as is his due, be appropriately summarized as follows:

Defendants were westbound in their pickup truck on highway US-2, a short distance east of Naubinway. Plaintiff was driving east on the same highway. Both vehicles approached a point where another vehicle, a third referred to as "a Canadian car," had skidded off the highway "with the tail end thereof in the woods." The driver of a fourth car had previously stopped, on the south side of US-2, for the purpose of lending assistance to the occupants of the Canadian car. Plaintiff approached and slowed down to stop, behind the fourth car, well on his own side of the highway with the right wheels of his car off the paved portion thereof. As he was slowing down defendants approached, from the opposite direction, on their own side of the highway.

A snowstorm affecting visibility to marked extent was blowing in from Lake Michigan. The condition of the surface of US-2 at the point was "3 tracks" of ice or snow, or both. One was a "wide track in the center." The others were smaller and narrower tracks on each side of the center track. Most witnesses, plaintiff included, agreed that the roadway surface was "awfully slippery."

The speed of defendants' car, between St. Ignace and a point west of Epoufette, was approximately 40 miles per hour. According to defendant Marion Hurford, the intensity of the snowstorm increased as defendants proceeded west from Epoufette with result that the speed of their truck was slowed to

approximately 30 miles per hour, followed by the turning on of the lights thereof.

Such was the situation as to visibility and traction as defendants' truck came upon the place of collision with plaintiff's car.

The driver of the previously stopped fourth car, one Everett Snyder, described the course of defendants' oncoming truck this way:

"*Q.* I wonder, Mr. Snyder, if you could tell us the approximate line, in words, that this truck took as it came west in a southerly course across the shoulder?

"*A.* I could show you better. I don't know how to explain it.

"*Q.* Did it take course of west and then south, just so it missed your car and hit the Jaroske car?

"*A.* No. It came from the other side of the road, the north side of the road, gradually crossed the centerline and I don't know, all of a sudden whether it hit the shoulder of the road or what, it turned real fast and pulled right into the Jaroske car."

The trial judge erred in holding that such proof made out a conclusive case of causal negligence on the part of the defendant driver. What the defendant driver did was persuasive evidence of such causal negligence, but no more than that. Assuredly, it did not warrant usurpation by the trial judge of the jury's function of determining whether, on the whole testimonial record, the defendant driver was or was not causally negligent. Our decisions are all 1 way to the point, as appears by ensuing quotation and citation.

In the regularly cited case of *Leonard* v. *Hey*, 269 Mich 491, 494, 495 (37 NCCA 111), this Court adopted the following rule and concluded to affirm a finding that a like defendant driver was not causally negligent:

"It is fundamental law that the driver of a car must keep on the right side of a street or highway, but failure to keep to the right when, through no fault of the driver, an automobile skids on a slippery pavement and is thus thrown across the road, has been held to excuse failure to comply with the statute (CL 1929, § 4703; *Chase* v. *Tingdale Bros.*, 127 Minn 401 [149 NW 654]), but if such skidding results from the negligent acts or commissions of a driver, he is not absolved from the consequences of breach of the rule although it is not deliberate or intentional. Berry on Automobiles (4th ed) § 865. 'One cannot be held guilty of negligence in unconsciously failing to keep to the right of the highway, where that is impossible by reason of circumstances over which he has no control, and for which he is in no sense responsible.' 1 Blashfield, Cyclopedia of Automobile Law, p 414. * * *

"There is undisputed evidence that the streets and rails were slippery and there is some evidence that the defendant's car made an improper crossing of the tracks and a jury might be inclined to favor plaintiffs with a verdict, yet the law permits the trier of the facts a wise discretion in determining what those facts are. We do not substitute our judgment on questions of fact unless they clearly preponderate in the opposite direction. In the instant case there is evidence from which the trial court could make the findings that he did."

The foregoing was expressly followed in the so-called skidding cases of *Paton* v. *Stealy*, 272 Mich 57, 62; *Eskovitz* v. *Berger*, 276 Mich 536, 539; and *Haney* v. *Beisel*, 287 Mich 239, 242. To the same effect are the skidding cases of *Deyo* v. *Detroit Creamery Co.*, 257 Mich 77, 83, 84; *Kohlemainen* v. *E. E. Mills Trucking Co., Inc.*, 301 Mich 340, 347, 348; *Humphries* v. *Complete Auto Transit, Inc.*, 305 Mich 188, 192; and *Leeds* v. *Masha*, 328 Mich 137, 140, 141.

As in the mentioned *Patzer Case,* this plaintiff carried the burden of proving that this defendant driver was guilty of causal negligence. He sustained that burden, amply to the point of justifying a jury verdict of liability. But he did not sustain it to the point of rightful motion that the trial judge, rather than the jury, decide such question in his favor. See Professor Sunderland's brief, "Directing a Verdict for the Party Having the Burden of Proof," 11 Mich L Rev 198, and the recent separate opinions of *Diamond* v. *Holstein,* 373 Mich 74.

Judgment reversed. New trial ordered. Costs to appellant.

KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.