ROEBUCK v MECOSTA COUNTY ROAD COMMISSION

1. APPEAL AND ERROR—TRIER OF FACT—FINDINGS OF FACT.

   An appellate court will not substitute its judgment for that of the trier of fact on questions of fact unless the facts clearly preponderate in the opposite direction.

2. HIGHWAYS—PUBLIC USER—LAYING OUT HIGHWAYS—INTENT—STATUTE—IRREGULAR PROCEEDINGS.

   A road is laid out for purposes of the application of the statute prescribing the periods necessary to establish a public highway where the proceedings for laying it out have been taken in conformity with the law or where the highway authorities have acted with that purpose, however irregular the proceedings were or how imperfect (MCLA 221.20).

3. HIGHWAYS—PUBLIC USER—NUMBERS—CIRCUMSTANCES OF POPULATION.

   The law does not fix the number who must travel upon a road in order to determine whether a public right-of-way exists by user; if a road is traveled as much as the circumstances of the surrounding population, and their business, require, then there is sufficient use to constitute a highway by user.

4. HIGHWAYS—ABANDONMENT—LAYING OUT HIGHWAYS—DITCHING—GRADING.

   A public highway is considered opened and worked and not discontinued under the statute where it was ditched and, at least in part, graded within four years after it was laid out (MCLA 221.22).

5. HIGHWAYS—PUBLIC RIGHT-OF-WAY—ABANDONMENT—INTENT—EXTERNAL ACT.

   Abandonment of a highway dedicated to public use is accomplished by combining an intention to relinquish the right or property, but without intending to transfer title to any particu-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 635.
[2-5] 39 Am Jur 2d, Highways, Streets and Bridges §§ 150, 151, 153, 154.

lar person, with the external act by which such intention is carried into effect.

Appeal from Mecosta, Harold Van Domelen, J. Submitted Division 3 January 8, 1975, at Grand Rapids. (Docket No. 19504.) Decided February 25, 1975.

Complaint by Robert Roebuck against the Mecosta County Road Commission seeking to quiet title to land claimed as a roadway. Judgment for defendant. Plaintiff appeals. Affirmed.

*Peter A. Jordan,* for plaintiff.

*William A. Harper,* for defendant.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and D. E. HOLBROOK, JR., JJ.

J. H. GILLIS, J. The plaintiff is the land contract vendee of ten acres of land in Colfax Township, Mecosta County. Defendant road commission has graded and improved a roadway over the northerly 33 feet of the land. Plaintiff brought action, seeking to confirm title to the disputed area in himself, contending that no public roadway exists there. Trial was had before the bench in the circuit court for the County of Mecosta. The trial court held that the road was public and entered judgment for defendant. Plaintiff appeals.

In 1939, at the request of Nicholas Molda, the Colfax Township Highway Commission voted to purchase from Mae Hall and G. T. Ketchum a right-of-way for a road on the centerline of section 25 for 80 rods for $50. The right-of-way was needed to connect Molda's land to M-20. Financial records of Colfax Township show that on October 22, 1939, a check for $50 was issued to E. F. Ketchum and

Mae Hall for "highway" purposes. However no deed or evidence of transfer was recorded.

At trial, the judge, sitting as trier of fact, found that within four years after October 22, 1939, a roadway was ditched and graded, and has been open to public use since that time for hunting and recreation. On appeal, plaintiff contends that these findings of fact are erroneous.

The trier of facts, however, is permitted a wise discretion in determining what the facts are, and an appellate court will not substitute its judgment on questions of fact unless the facts clearly preponderate in the opposite direction. *Jaroske v Hurford,* 373 Mich 437, 441; 129 NW2d 891, 894 (1964). In this instance, these findings of fact are not clearly erroneous.

Plaintiff also argues that the trial court erred in applying MCLA 221.20; MSA 9.21. That statute states in pertinent part:

"[A]ll roads which have been or which may hereafter be laid out and not recorded, and which have been used eight [8] years or more, shall be deemed public highways, subject to be altered or discontinued according to the provisions of this act."

We find this contention to be without merit. In *Potter v Safford,* 50 Mich 46, 48; 14 NW 694, 695 (1883), the Supreme Court of Michigan defined the term "laid out":

"In a strict sense a road is not laid out unless the proceedings are in conformity with the law, but in a popular sense every road may be said to be laid out where proceedings have been taken by the highway authorities for the purpose, however irregular the proceedings may be, or however imperfect."

The roadway in question clearly comes under the statute.

Next plaintiff asserts that there was not sufficient public user to bring the property in question within the statutory provision. The trial court found that the roadway in question has been used by the public for hunting and recreation since 1939. Upon reviewing the record, we do not find this to be clearly erroneous. *Jaroske v Hurford, supra.*

The law does not fix the number who must travel upon a road in order to determine whether it exists by user. In *Village of Grandville v Jenison,* 84 Mich 54, 68; 47 NW 600, 603 (1890), the Court stated that it would be sufficient to constitute a highway by user if the road was traveled as much as the circumstances of the surrounding population, and their business, required. See also *Village of Riverview v A. G. Liggett & Sons Co,* 253 Mich 23, 26; 234 NW 116, 117 (1931).

Further, plaintiff contends that, if the road was ever a public way, it was abandoned under MCLA 221.22; MSA 9.23, which states:

"Every public highway already laid out, or hereafter to be laid out, no part of which shall have been opened and worked within four [4] years after the time of its being so laid out, shall cease to be a road for any purpose whatever."

However, the trial judge found, as a matter of fact, that immediately after the township action in 1939, the selected roadway was ditched and at least in part graded, thus satisfying the requirements of the statute. We cannot say that this finding of fact is clearly erroneous. *Jaroske v Hurford, supra.*

Plaintiff's final contention is that, if the roadway

is considered to be a public highway by user or by lawful establishment, it has since been abandoned by the Mecosta County Road Commission.

In order for there to be an abandonment of land dedicated to public use, two elements are necessary. These elements are set forth in *State Highway Commission v Township of St Joseph,* 48 Mich App 230, 237; 210 NW2d 251, 255 (1973):

"Abandonment is composed of two elements, namely, an intention to relinquish the right or property, but without intending to transfer title to any particular person, and the external act by which such intention is carried into effect. Both of these elements must concur. Intention alone is insufficient to show an abandonment —it must be accompanied by some act or circumstances showing an intention to relinquish the property."

At trial, there was no evidence of an intention to relinquish the property. Further, the trial court found, as a matter of fact, that there was user of the roadway by the public from 1939 to the present time. This finding is not clearly erroneous.

The judgment of the trial court is hereby affirmed. No costs, a public question being involved.