KALKASKA COUNTY BOARD OF COUNTY ROAD
COMMISSIONERS v NOLAN

Docket No. 221976. Submitted November 10, 2001, at Grand Rapids.
    Decided November 30, 2001. Approved for publication January 25,
    2002, at 9:05 A.M. Leave to appeal denied, 466 Mich 884.

    The Kalkaska County Board of County Road Commissioners brought
        an action in the Kalkaska Circuit Court against Martin J. Nolan II
        and Amy L. Nolan, seeking a declaration that a roadway or trail
        crossing the defendants' rural acreage constituted a portion of
        Squaw Lake Road, a public road under the jurisdiction of the plain-
        tiff, and seeking an injunction preventing the defendants from
        erecting or maintaining any barricades across the road. Garnet and
        Mary Moriartey were allowed to intervene as plaintiffs. Following a
        trial, the court, Alton T. Davis, J., entered an order that made the
        requested declaration and permanently enjoined the defendants
        from barricading the road. The defendants appealed.

        The Court of Appeals *held*:

        1. The evidence presented at trial supported the trial court's
        determination that Squaw Lake Road, including the disputed trail
        crossing the defendants' property, is the same road described in a
        1935 McNitt act notice. 1931 PA 130, repealed by 1951 PA 51, § 21.

        2. The trial court did not err in finding that the disputed trail
        qualified as a public highway by user. The requirements of MCL
        221.20 for establishing a highway by user—a defined line; that the
        road was used and worked on by public authorities; public travel
        and use for ten consecutive years without interruption; and open,
        notorious, and exclusive public use—were met with respect to the
        disputed trail.

        Affirmed.

HIGHWAYS — HIGHWAY BY USER.

    The highway by user statute requires four elements for the establish-
        ment of a public highway: a defined line; that the highway was
        used and worked on by public authorities; public travel and use for
        ten consecutive years without interruption; and open, notorious,
        and exclusive public use (MCL 221.20).

*Young, Graham & Elsenheimer, P.C.* (by *Bryan E. Graham*), for Kalkaska County Board of County Road Commissioners.

*Peter J. Zirnhelt, P.C.* (by *Peter J. Zirnhelt* and *Leonard J. Zielinski*), for Garnet and Mary Moriartey.

*Jerold T. Coon,* for Martin J. Nolan, II, and Amy L. Nolan.

Before: GAGE, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM. Following a bench trial, defendants appeal as of right from the trial court's entry of an injunction declaring that a roadway or trail crossing defendants' rural acreage constituted a portion of Squaw Lake Road, a public road under the jurisdiction of plaintiff Kalkaska County Board of County Road Commissioners, and enjoining defendants from erecting or maintaining any barricades across the road. We affirm.

Defendants first contend that the trial court erred in concluding that Squaw Lake Road, including the disputed trail crossing their property, is the same road described in a 1935 McNitt act notice. 1931 PA 130, repealed by 1951 PA 51, § 21. The notice referred to a road starting at the quarter line on the south side of township section twenty-one and extending north three miles. At trial, it was undisputed that the presently paved portion of Squaw Lake Road was the only road commencing at the described location. A surveyor's examination of the area indicated that the trail on defendants' land was the only north-south extension of that road in existence when the McNitt notice was published, and both a 1927 land economic survey and a 1935 survey showed only one road or

trail going north through section twenty-one in the
same location as the trail on defendants' property.
The location of the north-south road appearing in an
aerial photograph taken in 1938 coincided with the
most recent survey of the trail on defendants' land.
Under these circumstances, we cannot conclude that
the trial court clearly erred in finding that the McNitt
notice could refer to only one road, the disputed trail.
*Walters v Snyder*, 239 Mich App 453, 456; 608 NW2d
97 (2000). While defendants presented testimony sug-
gesting that the trail described in the McNitt notice
must have been a logging trail west of defendants'
property, the trial court found this testimony unper-
suasive, confusing, or lacking credibility. This Court
will not second-guess the trial court's credibility
determinations. MCR 2.613(C) ("[R]egard shall be
given to the special opportunity of the trial court to
judge the credibility of the witnesses who appeared
before it.").

Defendants next argue that the trial court erred in
finding that the disputed trail qualified as a public
highway by user. This Court reviews de novo the legal
requirements for establishing a highway by user, but
reviews the trial court's factual findings for clear
error. A finding is clearly erroneous if the reviewing
court is left with the definite and firm conviction that
a mistake has been made. *Cimock v Conklin*, 233
Mich App 79, 84; 592 NW2d 401 (1998).

The highway by user statute, MCL 221.20, treats
property subject to it as impliedly dedicated to the
state for public use. *City of Kentwood v Sommerdyke
Estate*, 458 Mich 642, 652; 581 NW2d 670 (1998).
Establishing a public highway pursuant to the high-
way by user statute requires (1) a defined line, (2)

that the road was used and worked on by public authorities, (3) public travel and use for ten consecutive years without interruption, and (4) open, notorious, and exclusive public use. *Beaulah Hoagland Appleton Qualified Personal Residence Trust v Emmet Co Rd Comm*, 236 Mich App 546, 554-555; 600 NW2d 698 (1999).

Concerning the first element, the trial court found that, beginning as early as 1938 through the present, the disputed trail clearly was visible in aerial photographs and that videotapes showed "a defined and definite roadway immediately off the paved portion of Squaw Lake Road . . . continuing through to its northern terminus at Starvation Lake Road." After reviewing the exhibits, we are convinced the trial court did not clearly err in making this finding.

Regarding the second element, the trial court found that plaintiff had "worked on the entirety of Squaw Lake Road from Twin Lake Road north to Starvation Lake Road, from time to time and place to place, as a need was apparent and resources would permit, from 1947 to the present time." We reject defendants' argument that the court's analysis was flawed because it looked at maintenance efforts directed at the entire length of Squaw Lake Road rather than concentrating on the portion of the trail on their property as a discrete segment of the roadway. "It is not essential that every part of a highway should be worked in order to evidence the intention of the public authorities to accept and maintain the entire highway." *Neal v Gilmore*, 141 Mich 519, 527; 104 NW 609 (1905). While defendants correctly observe that other cases cited by plaintiff involved statutory or common-law land dedications instead of highway by user, we emphasize

that *Neal* was decided under the highway by user statute. *Id.* at 526. We conclude that the trial court did not err in considering maintenance efforts undertaken by plaintiff beyond the segment of Squaw Lake Road crossing defendants' property and did not clearly err in finding that the county had maintained the road for well over ten years.

With respect to the final highway by user elements of open, notorious, and exclusive public use for ten consecutive years, the trial court found that the road was used as a public thoroughfare for twenty-seven to thirty-one consecutive years and that the persons who used the road never requested permission to do so because they understood that it was a county road. The law does not fix the number of persons who must travel on a road to establish its existence by user. Rather, to constitute a highway by user it is sufficient if the road was traveled as much as the circumstances of the surrounding population and their business required. *Roebuck v Mecosta Co Rd Comm*, 59 Mich App 128, 131; 229 NW2d 343 (1975). This Court in *Roebuck* affirmed a finding that use of a road for hunting and recreational purposes satisfied the public use requirement. *Id.* In this case, ample testimony reflected that the public openly and exclusively used the disputed trail for recreational and business purposes without permission for at least ten consecutive years. We are not left with a definite and firm conviction that the trial court erred in its findings regarding public use.

Because the record contains evidence establishing each highway by user element, we conclude that the trial court did not clearly err in finding that the disputed trail constituted a public highway and that the

court properly enjoined defendants from placing barricades across the road.[1]

Affirmed.

.

---

[1] In light of our conclusion, we need not address defendants' argument that intervening plaintiffs did not obtain a prescriptive easement across the trail.