## Samuel Brown v. George W. Cady.

In order to being a deed, executed in another state, not in compliance with our laws, within the saving of the confirming act of 1861, "to confirm deeds and instruments intended for the conveyance of real estate in certain cases," it is necessary to show that, although not valid under the laws of Michigan as a conveyance for all purposes, it was executed according to the laws of the State where the execution took place, as well as regularly acknowledged. And these facts can not be presumed without evidence. No presumptions of vali-dity can be raised where our own laws have not been complied with.

In the absence of a statute authorizing it, the record of a deed is not primary evidence of the existence and genuineness of the original.

Under the said statute the record of a deed defectively executed is not made evidence of a valid sale without the production of the deed itself. The law makes such a record "hereafter operate as legal notice of all the rights secured by such instrument," but does not render it of any validity except for notice.

On case made, though the record shows that judgment below should have been for the party against whom it was rendered, yet if the case does not show that it is brought here for review upon the facts, this Court can not render such judgment as the Court below should have given, but can only order a new trial.

*Submitted on briefs July 17th. Decided October 14th.*

Case made from Lapeer Circuit.

The action was ejectment. The land in controversy was shown to have been patented by Prentice Williams; and the plaintiff then offered in evidence the record of a deed

in the office of the Register of Deeds of Lapeer county, which purported to have been executed by Prentice Williams to John B. Cady, June 15th, 1838, and to convey said premises, but defective because witnessed by one person only.

No evidence of any kind was offered to show that the deed was executed according to the laws of Massachusetts. The date of the record was March 23d, 1838. The defendant objected to the introduction of this record in evidence, but the Court admitted it, and plaintiff then gave further evidence to show that Cady's title had been acquired by himself.

The defendant also gave evidence to show title in himself derived from Williams.

The Circuit Court rendered judgment for the plaintiff.

*Heminway & Stickney*, for plaintiff.

*Baldwin & Draper*, for defendant.

CAMPBELL J.:

This was an action of ejectment. The plaintiff below, in order to make out his case, introduced the record of a deed purporting to have been executed January 15th, 1838, by Prentice Williams, the patentee, to John B. Cady, having but one witness, and having an undated acknowledgment purporting to be taken in Massachusetts before a justice of the peace. The date of the record was in March, 1838. No other certificate was appended, and no proof was offered with it.

This record was objected to as invalid for several reasons assigned, and was claimed by the plaintiff below to be within the statute of 1861 (*Laws* 1861 *p*. 16) confirmatory of certain deeds and conveyances.

This deed, if admissible at all, comes within sections one and four of the statute, relating to deeds not validly executed according to the laws of Michigan, but which are

made good between the parties as deeds or executory contracts under certain circumstances.

In order to bring this deed within the saving of section one it is necessary to show that, although not valid under the laws of Michigan as a conveyance for all purposes, it was executed in Massachusetts according to the laws of that State, as well as regularly acknowledged, and therefore valid under the confirming statute. To presume this without evidence would be to disregard the express terms of the statute, which is only applicable to such deeds as are shown to fall within it. No presumptions of validity can be raised where our own laws have not been complied with.

But the record was inadmissible upon a further ground. The statute of 1861 makes a distinction between those deeds which are defectively executed, and those which are well executed but defectively certified to have been acknowledged. By section three it is provided that deeds legally executed and freely acknowledged before a proper officer, and having a certificate of acknowledgment substantially correct but not strictly formal, or having an informal clerk's certificate of a valid acknowledgment, such clerk's certificate being sufficient in substance, shall, if recorded, be valid to all intents and purposes, and the record shall be effectual for all purposes of a legal record, *and such record or a transcript thereof may be given in evidence as in other cases*—saving always the rights of bona fide purchasers.

Neither section one nor section four (which relate to defectively *executed* deeds) make any such provision in regard to past or future records. They provide simply that the past or future record of such defective deeds "*shall hereafter operate as legal notice of all the rights secured by such instrument.*" The law is prospective as to notice, and therefore requires no saving clause ; and it does not make the record of any validity except for notice. In the absence of a statute authorizing it the record of a deed is

not primary evidence of the existence and genuineness of the original, and there would be serious objections—which doubtless struck the framers of the law—against allowing an instrument, invalid when made, and the record of which was therefore doubly defective as an unauthorized registry of an ineffectual conveyance, to furnish evidence of a valid sale, without the production of the deed itself. The deeds provided for under section three were perfect so far as the parties could make them; the defects not attaching to the conveyances themselves. These were complete and binding, and there was a sound reason for preferring them over others not thus complete. The deeds contemplated by sections one and four were not complete legal conveyances, and to recognize them as such would be to disregard substantial rules of property; and this the Legislature have not been disposed to attempt. The law is carefully framed to avoid confounding rights substantially unlike.

The record should not have been received in evidence.

The case shows that a good record title was made by the defendant below, and that judgment should have been in his favor. But the form in which the case is certified does not show that it is here for review upon the facts, and we can only grant a new trial, with the costs of this Court, in favor of Brown, the defendant below.

MARTIN CH. J. and MANNING J. concurred.

CHRISTIANCY J. did not hear the argument.