CLARENCE M. BURTON V. MICHAEL MARTZ ET AL.

*Plat—Acknowledgment—Notice of conveyance to private persons.*

A plat of lands belonging to a woman was acknowledged by her husband as owner, and so recorded. The wife afterwards formally acknowledged the plat and the record was altered conformably. *Held* that it did not entitle purchasers to hold the woman as having conveyed to her husband, or in any responsible way recognized title in him.

A recorded plat, under Michigan statutes, is notice only of the platting and consequent dedication to the public of such interests

only as the grantor possesses, and is not notice of any convey-
ance to private parties merely implied upon its face or in the
acknowledgment.

A record is not notice for any purpose not declared by statute.

The acknowledgment of a plat is, in Michigan, the essential act of
dedication, and without it a plat has no force in itself for any
purpose.

The registry of a plat or conveyance cannot be altered to conform
to a subsequent acknowledgment.

Error to Superior Court of Detroit.   Submitted April
17.   Decided June 4.

EJECTMENT.   Plaintiff brings error.

*Ward & Palmer* for plaintiff in error.   No estate passes
by an instrument that does not contain words of grant,
*Brown v. Manter*, 21 N. H., 528; *Ag'l Bank v. Rice*, 4
How., 241; *Powell v. Monson &c. Co.*, 3 Mas., 349; an
estate of inheritance does not pass without the word
"heirs," 1 Washb. R. P. [3d ed.], 71; and even if all
these terms are used, the interests of a person not
named as grantor will not be affected even though he
signs and acknowledges it, *Peabody v. Hewett*, 52 Me.,
50; *Catlin v. Ware*, 9 Mass., 218; *Hayes v. Livingston*,
34 Mich., 384; a claim of estoppel cannot break the
force of even constructive notice (*Hill v. Epley*, 31 Penn.
St., 331) where purchasers know they are buying in vio-
lation of the rights of the heirs of the person supposed
to be estopped, *Bigelow v. Topliff*, 25 Vt., 286; *Rice v.
Dewey*, 54 Barb., 467; *Bales v. Perry*, 51 Mo., 453; *Boggs
v. Merced Mining Co.*, 14 Cal., 368.

CAMPBELL, C. J.   Burton brought ejectment for the
undivided three-fourths of lot 19 of the subdivision of
outlot 183 of the Rivard farm in the city of Detroit,
and showed title from three of the four heirs of Victoire
Gagnier deceased, who had once owned said outlot 183.
The defendants purchased a title which was conveyed by
her surviving husband Janvier Gagnier, who was heir-
at-law of the fourth child of Victoire, dying intestate

without issue, but who undertook to convey the entire land as owner in fee, and not merely said undivided fourth.

Victoire Gagnier never conveyed the property to any one, and it went to her heirs at law, unless her husband became entitled to own and convey it by her signature and acknowledgment of a plat of the outlot, in which he was set forth as owner.

On the 30th of March, 1858, Janvier Gagnier executed and acknowledged a plat of outlot 183 in manner following. On the back of the plat is this endorsement:

"Whereas I, Janvier Gagnier, am the owner of the lots described in the within plat; Now therefore, know all men by this instrument, that I have made the within plat, or subdivision of said property, and I have renumbered the lots from 1 to 82 inclusive. Witness my hand and seal, this 30th day of March, 1858." Signed "Janvier Gagnier, [L. s.]"

"In presence of E. N. Lacroix, H. F. Knapp, L. De Braux."

Below Gagnier's name on the original plat and on the plat as now appearing of record, is signed the name of Victoire Gagnier with her mark, and seal, she not being able to write her name, as may be inferred.

On the 30th day of March, 1858, Janvier Gagnier's acknowledgment appears on the paper to have been taken before Edward N. Lacroix, notary public. Below this is the certificate of the city clerk of Detroit, as follows:

"Filed and approved by the commissioners on plats, April 2d, 1858.

FRANCIS W. HUGHES, *City Clerk.*"

On the face of the plat is the approval by the commissioners, E. A. Brush and H. P. Baldwin, dated April 2d, 1858. The plat was recorded in the county registry of Wayne county April 3, 1858.

On the 4th day of October, 1858, Victoire Gagnier appears to have acknowledged the plat before the same notary, and the registry of deeds was altered so as to conform to the instrument as it now appears, making it impossible to determine how many changes were made.

It is admitted that the only question is whether the record is sufficient to entitle purchasers from Janvier Gagnier to hold Victoire Gagnier or her heirs as having conveyed to her husband, or as having in any responsible way recognized his title. No other conveyance or claim is set up.

This record was made before the present town plat law was adopted in 1859, and is governed by the law as published in the Compiled Laws of 1857, p. 380-1. Under all of these statutes the acknowledgment is the essential act of dedication, and without it a plat has no force in itself for any purpose, and can only be made efficient by some other adoption or recognition. The only object of the record is to show the platting and dedication, and it is not declared to be valid or to be notice for anything else. Whoever makes and acknowledges it is to be regarded as making and acknowledging a dedication or grant to the public, whose representatives are the only parties. Such persons, executing and acknowledging the plat convey whatever right they have in the lands dedicated, but they do not affect any other lands. The statute of frauds will not permit any conveyance to private parties except by a deed which contains the proper words to show an intention to grant. Janvier Gagnier is not the grantee in this plat. It does not purport to be a grant to him, and if it did it would not be record evidence for any purpose which is not declared by statute. A record is not notice when not made so. *Columbia Bank v. Jacobs*, 10 Mich., 349; *Brown v. Cady*, 11 Mich., 535; *Brown v. McCormick*, 28 Mich., 215.

In the present case the record is not valid against Victoire Gagnier and her heirs or grantees at all. As already stated the acknowledgment is the only effective act to validate the plat. It appears affirmatively on the face of the record that the acknowledgment of Mrs. Gagnier was not made at the date of the record. The record itself, therefore, must have been changed, and there is nothing to show when the change was made.

If it was proper (which we do not decide upon), to add to the original record the subsequent acknowledgment of Mrs. Gagnier, it could only be done by entering it as a further record as of the date of its actual registry. There is no legal process whereby an original entry can be made prospective so as to include the subsequent record of matters not upon the paper when first recorded. As these papers stand this is an altered record, showing the alteration on its face, and furnishing no means of knowing what was in the original entry, and what was the change.

The record showed Mrs. Gagnier's title, and did not in any lawful way show any change in it. Purchasers under it cannot claim to be *bona fide* purchasers without notice. On the contrary they had notice by the record itself of her rights.

There was nothing in the case to impugn plaintiff's title, and the jury should have been directed to find a verdict in his favor. The other questions do not become material.

Judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.