THE VILLAGE OF AUBURN

*v.*

SAMUEL F. GOODWIN *et al.*

*Filed at Springfield April 5, 1889..*

1. TOWN PLAT—*county surveyor's certificate—how far essential.* Under the Revised Statutes of 1845, the county surveyor's certificate to the plat of a town or addition thereto, is a requisite part of such plat, although acknowledged by the proprietor. The plat is entitled to neither acknowledgment nor record until it has been first certified by the county surveyor. His certificate must also be recorded, and form a part of the record. Then, and not till then, does the plat become evidence of title in the corporation to the streets and alleys designated on the plat.

2. The plat or map of a town or addition, under the law of 1845, operates as a conveyance in fee of the streets and alleys to the corporation only by force of the statute. If the plat is not made out, certified and acknowledged substantially as required by the statute, it affords no evidence of title in the corporation to the streets and alleys.

3. SAME—*former decision.* The case of *Gebhardt* v. *Reeves,* 75 Ill. 305, in so far as it holds that the certificate to the survey and plat of a town or addition thereto may be legally made by a surveyor other than a county surveyor, under the statute of 1845, and in so far as it holds that the acknowledgment and recording of a town plat vests the fee to streets and alleys in the municipality regardless of a compliance with the requirements of the statute as to the survey, plat and certificate of a county surveyor thereto, is in conflict with *Trustees* v. *Walsh,* 57 Ill. 360, and *Thomas* v. *Eckard,* 88 id. 596, and is overruled.

4. SAME—*certificate by deputy county surveyor—but to be in the name of the principal.* As county surveyors, under the law of 1845, were au-

thorized to appoint deputies, it follows that the provisions of the statute as to the survey, plat or map, and certificate to the same, will be complied with if it appears to have been done by the county surveyor in person, or by his deputy.

5. But as a deputy officer, as a rule, subject, perhaps, to some special statutory exceptions, derives all his powers and authority from his principal, in all his official acts he must act in the name of his principal. Therefore a deputy county surveyor, acting in his own name, and not that of his principal, in making a survey and plat of a town addition, does not bind the principal, or make his act that of the county surveyor.

6. SAME—*sufficiency as to certainty.* If the plat and certificate of a surveyor are such that a competent surveyor, from the data given, may locate the plat, lots and blocks, streets and alleys, and determine the dimensions of the same, they will be sufficiently definite and certain.

7. EASEMENT—*non-user—presumption of extinguishment.* The non-user of an easement by the public for twenty years affords a presumption of extinguishment, though not a very strong one, in a case unaided by circumstances; but if there has been, in the meantime, some act done by the owner of the land sought to be charged with the easement, inconsistent with or adverse to the right, an extinguishment will be presumed.

8. Where the owner of a block of ground in a village has been in the open, adverse and exclusive possession of the alleys running through the same, for more than twenty years, the non-user of the alleys for such length of time will bar a recovery of the same, in ejectment by the village.

9. EJECTMENT—*plaintiff must recover on the strength of his own title.* In an action of ejectment, the plaintiff must recover, if at all, upon the strength of his own title. The legal title alone is involved.

10. PRACTICE—*competency of evidence—how questioned—bill of exceptions.* If a defendant in ejectment desires to raise the question of the competency of the plaintiff's evidence of title, he must incorporate the same into the bill of exceptions, showing an objection thereto and exception to the ruling of the court in admitting the same, and assign cross-errors when the other party appeals, otherwise this court must presume in favor of the ruling of the trial court.

11. SAME—*directing what the verdict shall be.* In an action of ejectment by a village, to recover certain alleys claimed under a statutory dedication by a former owner, by plat, the plat was excluded as evidence, and the plaintiff's own evidence showed such an abandonment or non-user as was sufficient to defeat a recovery. At the close of the plaintiff's evidence, the court, on motion, instructed the jury to find for the defendant: *Held,* no error in giving the instruction.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Mr. G. W. MURRAY, and Messrs. GROSS & BROADWELL, for the appellant:

The law in force at the time the plat was executed and recorded, respecting the laying out and platting of towns, was the act of 1833, re-enacted in 1845. (Rev. Stat. 1845, chap. 115, sec. 17.) The effect of the plat was to vest the fee of the streets and alleys in the village.

Every fact contemplated by the law to be shown by the surveyor's certificate is here shown. *Maywood Co.* v. *Village of Maywood,* 118 Ill. 61.

The law did not require the survey, plat and certificate to be made by a county surveyor. (*Gebhardt* v. *Reeves,* 75 Ill. 301.) But if it did, it was made by a deputy county surveyor, and his acts bound his principal. Rev. Stat. 1845, p. 573, secs. 4, 5.

A competent surveyor could readily locate the plat, lots, streets and alleys, and therefore the plat is sufficiently definite. *Village of Winnetka* v. *Prouty,* 107 Ill. 218; *Colcord* v. *Alexander,* 76 id. 581.

The plaintiff had the right to resort to parol evidence to sustain the grant. *Colcord* v. *Alexander,* 76 Ill. 581; *Williams* v. *Warren,* 21 id. 541; *Stevens* v. *Wait,* 112 id. 544; *Grier* v. *Puterbaugh,* 108 id. 602.

Appellees can not question the ruling of the court admitting in evidence the certificate of entry and deed from Newkirk. Before they could do so, they must have preserved their exception in the bill of exceptions, and assigned cross-errors upon the record thereon. If they would claim that these instruments affecting title were improperly admitted in evidence, they should have set them out in the bill of exceptions. *Lee* v. *Mound Station,* 118 Ill. 304; *McLaughlin* v. *Walsh,* 3 Scam. 185; *Ballance* v. *Leonard,* 37 id. 43; *Hayes* v. *Lawson,* 83 id. 182.

Messrs. CONKLING & GROUT, for the appellees:

It nowhere appears that the papers offered in evidence were not sufficient to sustain the verdict and judgment below. *Roger* v. *Hall*, 3 Scam. 5; *McLaughlin* v. *Walsh*, 3 id. 185; *Ballance* v. *Leonard*, 37 Ill. 43; *Hayes* v. *Lawyer*, 83 id. 182; *Lee* v. *Mound Station*, 118 id. 312.

The plat is not sufficient, upon its face, to locate the property sought; nor is there any sufficient conveyance of the alleyways, and the plat was not sufficiently certified. Rev. Stat. 1845, p. 115, chap. 25, secs. 17-21.

The plat was made by a deputy; but if the work was done by him, the certificate and return should be made in the name of the principal. 1 Blackstone's Com. 344, 345; *Glencoe* v. *People*, 78 Ill. 382; *Ryan* v. *Eads*, Breese, 217.

The expression used in *Gebhardt* v. *Reeves*, 75 Ill. 301, relied on by appellant, may be considered *obiter dictum*. See *Thomas* v. *Eckard*, 88 Ill. 596.

An acceptance is necessary to vest title under a plat. *Littler* v. *City of Lincoln*, 106 Ill. 353; *Village of Winnetka* v. *Prouty*, 107 id. 225; *City of Peoria* v. *Johnson*, 56 id. 51.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

At the time of the bringing of this suit, appellees were in possession of block 3, in Buck's addition to the town of New Auburn, having it enclosed by a continuous fence. Appellant claims title in fee to alleys running north and south and east and west through the center of said block, by virtue of a statutory dedication, claimed to have been made by John and Avis Buck, in January, 1858, and brings this action in ejectment to recover possession of the same.

On the trial, appellant offered in evidence a certificate by the Auditor of State, showing the entry of the land on which it is claimed the dedication was made, by Matthew Newkirk, October 24, 1835, and a deed from said Newkirk for the same,

to John Buck. An objection to each of these was interposed by appellees, and overruled. It then offered a plat of Buck's addition to the town of New Auburn, together with certain certificates thereto attached, but on objection it was held incompetent, and excluded. Previous to the introduction of this documentary proof, appellant offered parol evidence, and, among other witnesses, introduced and examined appellee Samuel F. Goodwin, who testified that he owned and enclosed the south half of said block as early as 1858, at which time he erected a fence through the center of the block, east and west, and has maintained the same ever since; that in the year 1866 he also enclosed the north half, and has since maintained the same. He also testified that no alleys were ever opened or used through said block, or at any time claimed by the village, except that a street commissioner thereof gave him notice to open shortly prior to the bringing of this suit. There is no testimony whatever tending to prove that the village authorities, at any time, claimed title or attempted to assert its right to the alleged alleys prior to the notice above mentioned, nor is the evidence of said Goodwin as to his exclusive, uninterrupted possession of the said block 3, including these alleys, if they ever existed, in any manner contradicted or impeached. The above mentioned plat having been excluded, the court below, at the request of appellees, instructed the jury to return a verdict for defendants, which being done, judgment was rendered thereon. No evidence was introduced by appellees, and no offer was made by appellant to introduce further evidence on its behalf after the adverse ruling as to the admissibility of said plat.

Appellant insists upon a reversal on the single ground that the court below erred in taking the case from the jury, and it treats that ruling as based on the exclusion of the plat alone, whereas appellees insist, that, independent of the question of its competency, the instruction to find in their favor was proper, both because, as they say, the evidence fails to show

title in John Buck to the land alleged to have been platted, and because there is no proof of an acceptance by the village authorities.

Among other objections urged to the plat in the court below, it was insisted that it was not shown to have been certified to by a county surveyor, and that it was void for uncertainty. Deeming all other objections untenable, and of no importance in the decision of the case, we shall notice but the two named.

The addition being laid off in 1858, in order to become valid must have conformed to the requirements of chapter 25 of the statute of 1845. Section 17 of that chapter provides that the proprietor. of a town or addition "shall cause the same to be surveyed, and a plat or map thereof made by the county surveyor, if any there be, of the county in which such town or addition is situated; but if there be no county surveyor in the county, then, in that case, by the county surveyor of an adjoining county." Section 20 provides that the plat or map, after having been completed, shall be certified by the surveyor and acknowledged by the proprietor, which certificate of the surveyor, and acknowledgment, shall be recorded, and form a part of the record. The following section (21) provides that "the plat or map, when made out, certified, acknowledged and recorded, as required by this division,  *   *   *   shall be deemed, in law and equity, a sufficient conveyance to vest the fee simple of all such parcel or parcels of land as are therein expressed, and shall be considered, to all intents and purposes, as a general warranty against such donor or donors, their heirs and representatives, to the said donee or donees, grantee or grantees, for his, her or their use, or the uses or purposes therein named, expressed or intended, and for no other use or purpose whatever. And the land intended to be for streets, alleys, ways, commons or other public uses, in any town or city, or addition thereto, shall be held in the corporate name thereof, in trust, to and for the uses and purposes set forth or expressed or intended."

The certificate of the surveyor to the plat in question is signed, "Cortes Fessenden, Dep't. Surveyor, S. Co.," and it is objected, on behalf of appellees, that this is no compliance with the sections of the statute above quoted. Counsel for appellant insist that so much of the statute as requires the plat or map to be made by a county surveyor may be wholly ignored, and the plat have all the force of a statutory conveyance of the streets and alleys to the municipality though made by one not a county surveyor, and in support of this position cite *Gebhardt* v. *Reeves,* 75 Ill. 305. While a part of the language used in that case justifies the position assumed, it was unnecessary in the decision of that case. The language must have been used under a misapprehension of the scope of the authorities on which it was based, is in conflict with *Trustees et al.* v. *Walsh et al.* 57 Ill. 365, and *Thomas* v. *Eckard et al.* 88 id. 596, and in so far as it holds that the certificate to the survey and plat may be legally made by a surveyor other than a county surveyor, under the statute of 1845, and in so far as it may seem to hold that the acknowledgment and recording of a town plat vests the fee to streets and alleys in the municipality, regardless of a compliance with the requirements of the statute as to the survey, plat and certificate of a surveyor thereto, that case is overruled. By the very terms of the statute, the surveyor's certificate is a requisite part of the plat, when acknowledged by the proprietor. The plat is neither entitled to acknowledgment or record until it has first been certified by the surveyor. His certificate must also be recorded, and form a part of the record. Then, and not until then, does it become evidence of title. Here the legal title alone is involved. As in every action of ejectment, the plaintiff must recover, if at all, upon the strength of its legal title. The plat or map operates as a conveyance in fee of streets and alleys to the corporation only by force of the statute, and when it requires that it shall be *"made out, certified, acknowledged and recorded, as required by this division,"*

to have the effect of a conveyance, it is not within the province of a court to say it shall become a muniment of title notwithstanding a plain requirement has been ignored. In 57 Ill. 365, *supra*, it was said the plat of Laflin and Dyer's sub-division was introduced in evidence. It purports to have been acknowledged by the proprietors and recorded, but it was not, nor is it claimed to have been, made in conformity with the statute as to the mode of laying out towns and making additions thereto. No statutory effect can therefore be accorded to the plat. In 88 Ill. 596, *supra*, it is held, that to become valid and binding as a town plat, all of the requirements of the statute must be substantially complied with, and one of the defects pointed out in the plat then before the court was, that it did not appear to be certified to by the county surveyor. The cases cited in the opinion in *Gebhardt* v. *Reeves, supra*, as holding that the acknowledgment and recording of the plat operate as a conveyance, are in harmony with this view. They each contemplate the making out and certifying, which, by the statute, are made prerequisites to the acknowledgment and recording.

The next question, then, is, does it sufficiently appear that this certificate was, in legal effect, made by the county surveyor? That the statute then in force authorized the appointment of deputies by county surveyors, is not questioned. That statute also provided that county surveyors should make all surveys within their counties that they were called upon to make, either by themselves or deputies properly authorized, and it must therefore be conceded that the provisions of the statute as to the survey, plat or map, and certificate to the same, would be complied with if it appeared to have been done by the county surveyor in person, or by his deputy. It is well understood that a deputy derives all of his power and authority from his principal, and can only act for and in his place, and must act in his name. While there are exceptions to this rule, growing out of peculiar statutory provisions, we

know of none which would authorize the sustaining of the certificate in question. In *Ryan* v. *Eads,* Breese, 217, it was said a deputy sheriff can only act in the name of his principal, and a default taken upon a return by one who signed himself deputy sheriff, was set aside. Also, in *Ditch* v. *Edwards,* 1 Scam. 127, the return to a summons signed by a person as deputy sheriff, without using the name of the sheriff, was held to be no return. The same doctrine is announced in *Village of Glencoe* v. *The People,* 78 Ill. 384. We are of opinion, therefore, that the deputy surveyor, attempting to act in his own name, and not that of his principal, in no way bound the county surveyor, nor did he, within the meaning of the statute, make his act that of the county surveyor. It is to be observed that the present statute is different from that of 1845, in that it only requires the plat and certificate to be made by a competent surveyor.

In support of the objection as to uncertainty, it is insisted that the plat and certificate of the surveyor are so indefinite and uncertain as to render it void, and that it is impossible, from them, to locate the alleys in question. Unquestionably, the surveyor, by a little more care and diligence, could have made that directly clear and certain, which we are only able to attain indirectly or by a process of reasoning. Still, if the latter is practicable, so that a competent surveyor, from the data given, could locate the plat, lots and blocks, streets and alleys, and determine the dimensions of the same, it would be sufficient, and we think that degree of certainty does appear here. The plat was, however, properly excluded, because it was not certified by a county surveyor, or in the name of a county surveyor by his deputy.

But could appellant have recovered on the proof made, even if the plat had been regular, and admitted in evidence? The question of proof of title in John Buck, attempted to be raised by appellees, is not before us. The record does show that proof of such title was made. The competency of that evi-

dence could only be questioned here by appellees, by having had it incorporated in the bill of exceptions, showing their objection thereto, and exceptions to the ruling of the court in admitting it, and then assigning cross-errors, all of which has been omitted. In the present state of the record, we must presume in favor of the competency of the proof and the correctness of the ruling of the trial court.

The other point made by appellees in support of the instruction to find in their favor, properly stated, must, in our opinion, be sustained. It is not, however, so much on the ground of a failure to prove acceptance by the village authorities, as that by its own evidence it has shown such an abandonment or non-user as will defeat its recovery. "Mere non-user for twenty years affords a presumption of extinguishment, though not a very strong one, in a case unaided by circumstances; but if there has been, in the meantime, some act done by the owner of the land charged with the easement, inconsistent with or adverse to the right, an extinguishment will be presumed." (3 Kent's Com. p. 448.) This text is quoted with approval, and applied to a municipal corporation attempting to recover possession of a strip of land claimed as part of one of its streets, in *City of Peoria* v. *Johnston,* 56 Ill. 51. It is there said : "Conceding this highway was laid out as claimed by appellant, and conceding there was an intention to dedicate the premises on the south-east of section 4, we are of opinion that the adverse possession of appellee, open and exclusive as it has been, and the complete non-user of the easement by the public for more than twenty years, are a sufficient answer to the claim now made by the city."

In *Village of Winnetka* v. *Prouty,* 107 Ill. 218, which was a bill in chancery to enjoin the village from entering a certain enclosure for the purpose of opening a street, it was shown that the enclosure had remained for more than twenty-one years, and the village had at no time attempted to take possession of the alleged street. After commenting upon the plat

relied upon by the village, it is said : "There was, therefore, as we understand this record, no definite statutory dedication of any particular quantity of ground for this street, and the proof fails to show a common law dedication. Indeed, we are inclined to the belief that if the proof in respect to the plat were free of objection, the evidence shows such an abandonment by the public as would now preclude the opening of the street." This doctrine is supported by other decisions of this court, and the evidence in the case before us brings it clearly within the rule announced. The alley running east and west, and the south half of that running north and south, have been in the open, adverse and exclusive possession of appellees for nearly thirty years, and the whole of the one north and south for more than twenty years prior to the bringing of this suit. We are of opinion that there has been such non-user on the part of appellant as to bar its right of recovery, and that in any view of the case, as shown by the proof, the instruction to find for defendants was right.

*Judgment affirmed.*