## THE VILLAGE OF VERMONT

### *v.*

### ROBERT M. MILLER *et al.*

*Filed at Springfield March 30, 1896.*

1. APPEALS AND ERRORS—*when the existence of a remedy at law is not available on appeal.* The existence of a remedy at law cannot be set up, on appeal, to defeat an injunction, when not presented by way of demurrer or answer to the bill.

2. DEDICATION—*acknowledgment of plat before circuit clerk not sufficient.* An acknowledgment to a plat taken by the circuit clerk instead of by a justice of the Supreme or circuit court or a justice of the peace, as required by statute, is insufficient, and prevents the plat from operating as a statutory dedication.

3. SAME—*effect of filing plat insufficiently acknowledged.* The making and filing of a plat bearing an insufficient acknowledgment constitutes a mere offer to dedicate a street shown thereon, and its acceptance creates merely a common law dedication, giving the municipality an easement, instead of the fee, in such street.

4. SAME—*effect of delay of twenty-three years in accepting dedication.* A village, by allowing a period of twenty-three years to elapse without accepting the offer of dedication made by the filing of a plat insufficiently acknowledged, during which time grantees of the person making the plat have erected fences and occupied the land designated as a street, loses whatever right it might have had to an easement in the land so occupied.

WRIT OF ERROR to the Circuit Court of Fulton county; the Hon. JEFFERSON ORR, Judge, presiding.

KINSEY THOMAS, for plaintiff in error:

On the recording of a plat the fee of the streets *eo instanti* passes to the corporation. The purchaser only acquires the land included in the lot. *Hunter* v. *Middleton,* 13 Ill. 50; *Manly* v. *Gibson,* id. 308; *Canal Trustees* v. *Havens,* 11 id. 554.

The acknowledgment and recording of a town plat operates as a grant of the fee in the streets to the corporation. *Brooklyn* v. *Smith,* 104 Ill. 420; *Railroad Co.* v. *Hartley,* 67 id. 439.

The owner making a survey and laying off ground for a street, and making sales with reference thereto, thereby dedicates such land to the public. *Godfrey* v. *Alton,* 12 Ill. 29.

The purchaser of a town lot designated upon a plat only acquires title to the land included within the actual limits of the lot as designated. *Canal Trustees* v. *Havens,* 11 Ill. 554.

Surveying and platting ground and laying out streets are the highest evidence of dedication. *Waugh* v. *Leech,* 28 Ill. 488.

The mere fact of platting a town gives the public the right to the use of the streets and alleys, where there is no adverse possession. It is not necessary that a street should be kept open all the time. *Hatton* v. *Chatham,* 24 Ill. App. 622.

Actual notice of a real estate deed cures omission to acknowledge and record. *People* v. *Hamilton,* 17 Ill. App. 603; *Doe* v. *Reed,* 4 Scam. 117; *Morrison* v. *Kelly,* 22 Ill. 610.

A reference to other deeds is notice of their contents. 3 Washburn on Real Prop. (4th ed.) 327.

Property held for public use upon trust, by a municipal corporation, is not within the operation of the Statute of Limitations. *Logan County* v. *Lincoln,* 81 Ill. 156; *Lee* v. *Mound Station,* 118 id. 304; *Railroad Co.* v. *Quincy,* 32 Ill. App. 377.

H. W. MASTERS, for defendants in error:

There never having been an acceptance of the proffered dedication on the part of the village authorities, the deed to Sarah A. Miller invested her with the title, burdened only by the offer of dedication. *Hamilton* v. *Railroad Co.* 124 Ill. 235.

Under the law in reference to plats, in force prior to 1874, among other requisites to constitute a valid statutory dedication the plat must have been acknowledged by the grantor before "a justice of the Supreme Court,

judge of the circuit court or justice of the peace in the county where the land was situate." *Thomas* v. *Eckard*, 88 Ill. 593; *Auburn* v. *Goodwin*, 128 id. 57.

There must have been an acceptance of the dedication by the municipal authorities. *Insurance Co.* v. *Littlefield*, 67 Ill. 373; *Grube* v. *Nichols*, 36 id. 96; *Fisk* v. *Havana*, 88 id. 209; *Littler* v. *Lincoln*, 106 id. 353; *Eckhart* v. *Irons*, 114 id. 568.

Statutory dedications can only be made in strict compliance with the statute. 2 Dillon on Mun. Corp. chap. 17, sec. 491; *Noyes* v. *Ward*, 19 Conn. 250; *Ragon* v. *McCoy*, 29 Mo. 356.

When a dedication is relied upon, the act of the donor and the public authorities should be unequivocal, and satisfactory of the intent to dedicate on the one side and to accept and appropriate to use upon the other. *Trustees* v. *Walsh*, 57 Ill. 364.

We insist that, the right to accept in this case being delayed for twenty-three years, appellant cannot now assert such right,—or, in other words, the right is lost. *Peoria* v. *Johnston*, 56 Ill. 45; 3 Kent's Com. 448.

The dedication is inchoate until accepted. Angell on Highways, 173, 179; *Gentleman* v. *Soule*, 32 Ill. 279; *Trustees* v. *Walsh*, 57 id. 371; *Prouty* v. *Winnetka*, 107 id. 218; *Lewistown* v. *Proctor*, 27 id. 418.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was a bill in chancery, by Robert M. Miller and Sarah A. Miller, against the village of Vermont, to enjoin the entering of a certain strip of land for the purpose of opening a street. The decree was in accordance with the prayer of the bill. The cause is brought here by writ of error.

On August 16, 1868, one Joab Mershon, owner of a certain tract of land in the north part of the village of Vermont, caused said land to be surveyed and platted by the county surveyor of Fulton county, and on April 16,

1869, acknowledged before the circuit clerk and recorder of that county said survey and plat as his second addition to said village, and released and quit-claimed, for the use of the public, all that part of said plat marked streets and alleys. Among the streets so platted is one two rods wide, running north and south, known as "Liberty street." On February 13, 1884, Robert M. Miller purchased a one-acre tract out of said addition, abutting and fronting east on Liberty street, and on August 3, 1881, Sarah A. Miller purchased lots numbered 1, 2, 19 and 20 in said addition, said lots 19 and 20 abutting and fronting west on Liberty street, and lying directly opposite the southern part of the said one-acre lot. Up to the time this suit was brought that part of Liberty street lying in said addition had never been used by the public as a highway. On the contrary, portions of it had been used for years by adjoining lot owners for calf-pens, pig-pens, etc. A portion of it was fenced and used by R. M. Miller for such purposes, and shortly before the commencement of this suit he built a fence through the center of the street the entire length of his one-acre lot, enclosing one-half of the width thereof with his lot and the other half with his wife's lots 19 and 20, to the extent of their frontage on the said street. Thereafter the village ordered those fences torn down and the street to be opened to the public. Upon refusal of the Millers to comply with this order the village authorities removed the fences and attempted to take possession of the street. To enjoin the village from further interfering with their supposed rights in said Liberty street this bill was filed.

Plaintiff in error refers to *Commissioners of Highways* v. *Green*, 156 Ill. 504, and other cases, and claims that the injunction does not lie against it to prevent trespasses on the land here in controversy, in a case such as shown by this record. A sufficient answer to this claim is, that this objection was not made in the court below, but is first made here. The existence of a remedy at law can

not be set up, on appeal, to defeat an injunction, when it was not presented by way of demurrer or answer to the bill: *Monson* v. *Bragdon,* 159 Ill. 61.

Plaintiff in error claims the right to the use and control of Liberty street on the ground that the acknowledging and recording of the plat by Joab Mershon vested in it the fee of the street, or, at least, an easement therein. Whether or not this claim is a just one is the only question presented by this record.

Among other requisites to constitute a valid statutory dedication, under the statutes then in force, the plat must have been acknowledged by the grantor before a justice of the Supreme Court, justice of a circuit court, or a justice of the peace in the county where the land was situated. (Gross' Stat. of Ill. 1868, chap. 25, div. 1, sec. 20.) This plat, however, was acknowledged, not before either of the above designated officers, but before the circuit clerk and recorder of the county. The acknowledgment was not in conformity with the requirements of the statute, and there was, therefore, no valid statutory dedication of the street. Consequently, the recording of the plat did not vest the fee of the street in plaintiff in error. The making and filing of the plat was a mere offer to dedicate, and had it been accepted by the village there would have been simply a common law dedication. By virtue thereof the village would have had an easement, for the purposes of a street, in the land so dedicated.

After the recording of the plat, Joab Mershon conveyed to the grantors of defendants in error the lots adjoining Liberty street hereinbefore described. This invested each of them with the fee of the street to its center, to the extent of the frontage of their respective lots thereon, burdened only by the offer of dedication. (*Hamilton* v. *Chicago, Burlington and Quincy Railroad Co.* 124 Ill. 235.) This offer of dedication, however, had never been accepted up to the time the village ordered the re-

moval of the fences of defendants in error. Thus a period of twenty-three years of non-user of the easement by the public elapsed after the recording of the plat. The question then arises, is this offer of dedication still open, and can plaintiff in error, at this late date, step in and claim the easement? In *City of Peoria* v. *Johnston*, 56 Ill. 45, this question is answered in the negative, and it is there said, (quoting 3 Kent's Com. 448,) "that mere non-user for twenty years affords a presumption of extinguishment, though not a very strong one, in a case unaided by circumstances, but if there has been, in the meantime, some act done by the owner of the land charged with the easement inconsistent with or adverse to the right, an extinguishment will be presumed." In the case at bar the presumption of extinguishment is aided by the circumstance of possession on the part of defendants in error, and by the further fact that no private rights have intervened adverse to their claims, for it does not appear that the adjoining lot owners have used, or desire to use, this land as a street. On the contrary, it appears that several of them have used portions of the supposed street for their own private purposes.

On the authority of the case last cited, we must hold that plaintiff in error, by having allowed so long a period of time to elapse without accepting the offer of dedication, has lost whatever right it may have had to an easement in that part of Liberty street occupied by defendants in error, and cannot now come in and claim the right to use for a public highway the part of the proposed street occupied by defendants in error, the owners of the fee.

The decree of the circuit court was right, and it is accordingly affirmed.                              *Decree affirmed.*