[No. 4719.]

The City of Leadville v. The Coronado Mining Company et al.

1. **Cities and Towns—Dedication of Streets—Failure to Comply with Statutes—Common-Law Dedication.**

Section 2648, Genl. Laws 1877, provides that whenever any territory shall be laid out as an addition to any city or town, such territory shall, upon the filing of the plat in the office of the county clerk and recorder of the county, and another such plat with the clerk of the city or town to which it is desired to annex the same, shall become a part thereof, provided that no plat shall be filed until it has been approved by three-fourths of the members of the city council or board of trustees; and § 2647 provides that all avenues, streets, alleys, parks, and other places

designated for public use on the plat, shall be deemed to be public property, and the fee thereof shall be vested in such city or town. Held, that, where a plat was not approved by three-fourths of the city council, nor filed with the city clerk, no statutory dedication of the fee to the streets and alleys was made, but only a common-law dedication giving the city an easement. —P. 240.

2.  Cities and Towns—Dedication of Streets—Statutory and Common-Law Dedications.

Where the statutory requirements in regard to dedicating streets and alleys to a city or town have not been complied with, no subsequent conduct of the donor or of the city authorities can render the dedication operative so as to vest the fee title in the municipality; but the plat is evidence of the owner's intention to dedicate such streets and alleys to public use, and, when accepted by the proper authorities or by the public by general use, it will constitute a common-law dedication, which confers an easement adequate to the accommodation of the public and the city for municipal purposes.—P. 247.

3.  Cities and Towns—Dedication of Streets—Synonymous Words.

The word "convey," used on a plat dedicating the streets and alleys to a city, is synonymous with the word "dedicate," and, in the absence of an effective statutory dedication, does not convey the fee.—P. 247.

4.  Cities and Towns—Dedication of Streets—Unauthorized Indorsements.

The indorsements on a plat signed by the mayor and clerk that the plat had been presented to and adopted by three-fourths of the members of the council, when contrary to the fact, is without authority and of no effect.—P. 248.

*Appeal from the District Court of Lake County.*

*Hon. M. S. Bailey, Judge.*

Action by the City of Leadville against The Coronado Mining Company and The Wolcott Mining Company, corporations. From a judgment for defendants, plaintiff appeals.          *Affirmed.*

Messrs. BLAKE & THOMPSON, Mr. WILLIAM H. HARRISON, and Messrs. RICHARDSON & HAWKINS, for appellant.

Mr. JOHN A. EWING and Mr. CHARLES CAVENDER, for appellees.

The appellant instituted this action to enjoin the appellees from mining and extracting iron- and silver- and lead-bearing ores under certain streets and alleys in the City of Leadville, to recover possession of the ground in which it is alleged appellees have unlawfully entered for that purpose, and damages for ore extracted. The facts pertinent to the controversy are in substance as follows:

On the 17th day of August, A. D. 1880, one Thomas Starr, being the owner of what is known as the Starr Placer Mining Claim, surveyed and platted a certain portion of that claim as the Stray Horse Addition to the City of Leadville, and on the 28th day of September, 1880, submitted to the city council a map of the premises so platted. This plat was indorsed as follows: "And I, the said Thomas Starr, hereby dedicate and convey to said city, as public property, the streets and alleys so aforesaid laid off, marked and designated as such on said plat." The council consisted of twelve members. The record of its proceedings shows that at the meeting of September 28 there were nine members present, and that eight voted for, and one voted against, the approval and acceptance of the plat. At a meeting held on the 13th day of October, 1880, "The minutes of the previous meeting were read and approved." On the 18th of November, 1880, the plat was filed for record with the county clerk and recorder of Lake county, with indorsement thereon, signed by the mayor and city clerk, to the effect that the plat had been presented and approved by three-fourths of the members elected to the city council. The plat was not filed with the city clerk.

It appears from the evidence, that on the 6th day of March, 1880, more than six months prior to

the time the plat aforesaid was acted upon by the city council, the council approved a report that, *inter alia,* set forth that the Stray Horse Addition had been added to, and was included within, the boundaries of the City of Leadville. It is also shown that Starr, prior to the alleged dedication, on September 8, 1879, conveyed lots described as being in block B of another plat, being practically the same as those on which the working shaft of the appellees is sunk, in which conveyance he reserved the right and ownership to all minerals beneath the surface, and in all of the deeds to lots included within the plat, before and after the same was filed as aforesaid, he reserved the minerals underneath the surface.

The statute authorizing additions to cities and towns, and providing the manner in which such additions should be made, in force at the time the plat under consideration was submitted to the city council, approved April 4, 1877, enacted that:

"Sec. 7. Whenever any territory shall be laid out and surveyed as an addition to any city or town organized under this act, such territory shall, upon the filing of the map or plat thereof in the office of the county clerk and recorder of the county in which said territory may be situate, and another such map or plat with the clerk or recorder of the city or town to which it is desired to annex such territory, become a part of said city or town, and be included within the limits and jurisdiction thereof; *provided,* that no map or plat of such addition shall be filed for record with said clerk and recorder until the same has been by the owner or owners of such contemplated addition submitted to the city council or board of trustees of said city or town, and approved by three-fourths of the members elected thereto, and no map or plat of such addition shall be approved by said council or trustees unless the proposed streets

and alleys therein are in conformity, as to courses and angles, with the streets and alleys of adjoining portions of said city or town, nor unless such map or plat shall show the topography of such territory as to bluffs, streams, ditches, ravines, etc., nor until all taxes then assessed against said territory are paid, and if the said territory shall have previously been sold for taxes and not redeemed therefrom, the owner or owners thereof shall first redeem the said land from such tax sale; *provided.* that the tax deed has not been issued thereon."

Section 6 of the act provides that:

"All avenues, streets, alleys, parks, and other places designated or described as for public use on the map or plat of any city or town, or of any addition made to such city or town, shall be deemed to be public property, and the fee thereof be vested in such city or town."

The city has been in possession of, and exercised control over, the streets and alleys designated on the plat ever since the same was filed as aforesaid. The Wolcott Mining Company purchased from Thomas Starr the premises described, and The Coronado Mining Company, as its lessee at the time this action was commenced and for some time prior thereto, was engaged in mining and extracting mineral-bearing ores at a depth of from 400 to 500 feet beneath the surface of the streets and alleys included in the foregoing plat. This mining in no way interfered with the use of the streets by the public as highways, or with the plaintiff's use of the same for municipal purposes.

Mr. JUSTICE GODDARD delivered the opinion of the court:

This case was before this court upon a former appeal, which presented for review the rulings of

the trial court upon the admission of certain evidence, but did not involve any question upon the merits.—29 Colo. 17.   What was there said by the writer of the opinion upon questions other than the one properly presented was not concurred in by the other judges, and, therefore, in no manner constitutes an adjudication of such matters, and we are in no way precluded thereby from applying the law, as we conceive it to be, to the facts presented by the present record.

It is contended by plaintiff that the filing of the plat and the proceedings had by the city in relation thereto, constituted a statutory dedication, and vested the fee of the streets and alleys in the city, and that such title gave to it not only the surface for street purposes, but also the ownership of the ground included within such streets and alleys, and all minerals contained therein; and, furthermore, that the word "convey," as used in the indorsement on the plat, is also a conveyance of the fee independently of the dedication.

The contention of the defendants is that the failure to comply with the mandatory requirements of the statute in accepting and filing the plat did not constitute it a statutory dedication, but amounts only to what is known as a common-law dedication, of the streets and alleys within the Stray Horse Addition, and that the city obtained an easement only therein. Speaking to this question in the opinion referred to, the writer uses this language:

"But no authority has been cited which holds that the failure of the city to accept a dedication in strict accordance with the statute operates to debase the estate, intended to be passed, from a fee to an easement, where, as in this case, there was an unmistakable intention to convey the fee, and where the city had taken immediate possession and continued

in possession, levied taxes and made improvements, with the assent of the donor.''

Our reading of the authorities leads us to a different conclusion, and we think that it has been uniformly held that to constitute a statutory dedication the requirements of the statute must be complied with, and where this has not been done, the subsequent conduct of the donor, or of the city, cannot operate to make it such; and although the intention to dedicate is clearly manifested, the dedication will amount to only a common-law dedication. This is the rule announced in the following cases, and many others that might be cited, and we have found none to the contrary. Those seemingly to the contrary are based upon statutes wherein no particular, or any, mode of acceptance was prescribed: *Jordan v. City of Chenoa,* 166 Ill. 530; *Wisby v. Bonte et al.,* 19 Ohio St. 238; *Earll v. City of Chicago,* 136 Ill. 277; *Gould v. Howe,* 131 Ill. 490; *Marsh v. Village of Fairbury,* 163 Ill. 401, 407; *Village of Vermont v. Miller,* 161 Ill. 210; *Village of Auburn v. Goodwin,* 128 Ill. 57; *Laughlin v. City of Washington,* 105 Iowa 652; *Parsons v. Trustees,* 44 Ga. 529; *People v. Beaubien,* 2 Douglas (Mich.) 256; *Burton v. Martz,* 38 Mich. 761; *Village of Grandville v. Jenison,* 84 Mich. 65; *Gardner v. Tisdale,* 2 Wis. 153, 184; *City of Denver v. Clements,* 3 Colo. 472, 480; 9 Am. and Eng. Enc. Law (2d ed.) 35; *Williams v. Milwaukee Ind. Assn.,* 79 Wis. 524; Elliott on Roads and Streets (2d ed.), §§ 113, 114.

In *City of Denver v. Clements, supra,* Thatcher, Chief Justice, distinguishes a statutory from a common-law dedication as follows:

''A statutory dedication operates by way of grant. The law surrounds the act of dedication with all the formalities and solemnities necessary to the creation of a grant. The plat must be signed,

acknowledged and recorded. Without a substantial compliance with the statute by the proprietor of a city or addition thereto, the estate in the streets intended to be conveyed would not pass to the city in trust. * * * A common-law dedication operates by way of *estoppel in pais,* rather than by way of grant.''

Elliott, in his work on Roads and Streets, defines a statutory dedication as follows:

"Sec. 113. A statutory dedication is one made in conformity to the provisions of a statute. The general rule is, that in order to constitute a valid statutory dedication, the provisions of the statute must be substantially complied with, and such acts as it requires must be performed substantially in the manner prescribed by the legislature. This is necessary to give the dedication validity as a purely statutory dedication, but in many instances a dedication invalid as a statutory one will be a good common-law dedication.

"Sec. 114. * * * Where the statute requires that the dedication shall be evidenced by maps or plats, and that they shall be acknowledged before some competent public officer, the failure to acknowledge them will render them invalid as statutory dedications. * * * Incomplete or defective statutory dedications, however, will often be sustained as common-law dedications, and if the roads and streets marked on the defectively executed or recorded plat are accepted by the public, they will become public highways.''

In *Williams v. Milwaukee, supra,* it was insisted that the plat was void as a statutory conveyance because the justice before whom the acknowledgment was taken did not affix his seal to the certificate of acknowledgment. The statute required that the officer should certify to the acknowledgment under his

hand and seal, and it was not done in this case. To this objection it was answered that, as the plat was made and recorded nearly fifty-five years ago, having served every purpose of a recorded plat, it must be conclusively presumed that it was executed in accordance with the existing law, and that the register by mistake omitted to copy the seal on the record, or did not know how to copy an impression in wax.

The court says:

"The presumption *omnia rite et solemniter esse acta* will surely arise from lapse of time; but will a grant be presumed from such testimony as above given? To operate as a conveyance in the fee the plat must be executed in the way and according to the formalities prescribed by the statute. This rule of law was laid down in *Gardiner v. Tisdale,* 2 Wis. 155; *Emmons v. Milwaukee,* 32 Wis. 434; and the principle is well settled upon the authorities. The effect of the Michigan statute obviously is to make a plat, when properly executed and acknowledged, operate as a statutory conveyance of the title of the streets and public grounds designated as such therein to the corporate authorities, in trust for the uses specified, and for the benefit of the adjoining owners and the public generally.—*Kimball v. Kenosha,* 4 Wis. 321. We do not well perceive how it can be said that the seal of the justice to the acknowledgment was unnecessary, in view of the provision, nor how it could be dispensed with, and it would be a violent presumption, upon the evidence, to assume that it was affixed by the justice when he took the acknowledgment."

In *City of Seattle v. Hill,* 62 Pac. 446, it appeared that an owner laid out a tract of land as an addition to the city, and the plat was approved by the city council, but was not recorded as the statute requires. Speaking to this objection, the court said:

"This plat was not recorded in the office of the county auditor, and, therefore, did not, of itself, under our statute, operate as an effectual dedication to the public of the land delineated thereon as a street. But it does not follow that, because there was no statutory dedication in this instance, there was no dedication at all, for the provisions of statutes upon the subject do not preclude the making of dedications in accordance with the established rules of the common law. It is held by numerous authorities, and may be said to be an established principle of law, that 'an incomplete or defective statutory dedication may, when accepted by the public, or when rights have been acquired thereunder by third parties, operate as a common-law dedication.' "

In *Gardiner v. Tisdale, supra,* the plat under consideration was not acknowledged, and the certificate of acknowledgment indorsed thereon, as required by the statute. It was held that the title to the streets was not thereby transferred from the original proprietor. Crawford, Justice, speaking for the court, said:

"It was competent for the legislature to prescribe the manner and formalities by which the title to lands of this kind might be transferred from the proprietor of a townsite, and secured for public uses, and when they provided the manner in which such transfer should be accomplished, as they evidently have done by the sections above recited, a compliance with the requirements prescribed is just as essential, in order that the original proprietor may be divested of title, as the execution of a deed of conveyance would be in the transfer of real estate from one person to another on a purchase.

"Without inquiring whether these plats are prepared in accordance with the provisions of the first, second and third sections of the act, it is obvious

from inspection of them, that *they* have not been acknowledged, and the certificate of acknowledgment indorsed on them, as the act requires, so as to effect, by means of the recording, etc., of the plats alone, a transfer of the title.''

In *Village of Grandville v. Jemison, supra,* it was said:

''The effect of a dedication under the statute has been to vest the fee in the county, in trust for the municipality intended to be benefited; whereas, at common law, the act of dedication created only an easement in the public.—*Wanzer v. Blanchard,* 3 Mich. 16. It has, therefore, been held that nothing short of a strict compliance with the terms of the statute, as to the acknowledgment and recording of the plat, would constitute a present grant to the public.—*People v. Beaubien,* 2 Doug. 270; *Burton v. Martz,* 38 Mich. 761; 2 Dillon on Mun. Corp., § 491, and cases cited. The right to make common-law dedications is not abridged by the statutory regulations providing for statutory regulations in certain specific ways.''

In *Village of Auburn v. Goodwin, supra,* the plat was certified by a deputy surveyor. The statute required it to be certified by the county surveyor. It was held inoperative to convey title to the streets and alleys to the corporation. The court expressly overruled the case of *Gebhardt v. Reeves,* 75 Ill. 305, in so far as it holds that the certificate to the survey and plat may be legally made by a surveyor other than the county surveyor, under the statute of 1845, and in so far as it seems to hold that the acknowledgment and recording of a town plat vests the fee to streets and alleys in the municipality regardless of a compliance with the requirements of the statute as to the survey, plat and certificate of a county surveyor thereto, and used this language:

"By the very terms of the statute, the surveyor's certificate is a requisite part of the plat, when acknowledged by the proprietor. The plat is neither entitled to acknowledgment or record until it has first been certified by the surveyor. His certificate must also be recorded, and form a part of the record. Then, and not until then, does it become evidence of title. Here the legal title alone is involved. As in every action of ejectment, the plaintiff must recover, if at all, upon the strength of its legal title. The plat or map operates as a conveyance in fee of streets and alleys to the corporation only by force of the statute, and when it requires that it shall be '*made out, certified, acknowledged and recorded, as required by this division,*' to have the effect of a conveyance, it is not within the province of a court to say it shall become a muniment of title notwithstanding a plain requirement has been ignored."

In *Village of Vermont v. Miller, supra,* it was held that where the acknowledgment to a plat was taken by a circuit clerk, instead of by a justice of the supreme or circuit court, or a justice of the peace, as required by statute, it is insufficient, and prevents the plat from operating as a statutory dedication, and it was therefore held that the making and filing of a plat bearing an insufficient acknowledgement constitutes a mere offer to dedicate a street shown thereon, and its acceptance creates merely a common-law dedication, giving the municipality an easement, instead of a fee, in such street; and the same ruling was made in *Marsh v. Village of Fairbury, supra.*

In *Gould v. Howe, supra,* it was held that prior to the statute of 1874 a notary public had no authority of law to take and certify to the acknowledgment of a town plat, and a plat so acknowledged prior to such revision did not pass the fee of the streets and alleys to the municipality, and could only have the

effect of a common-law dedication, which vests an easement in the streets and alleys in the municipality.

In *Earll v. City of Chicago, supra,* it was held that where, under the revised statute of 1845, a plat of land laid out into blocks and streets was required to be acknowledged by the proprietor, and that it could not be acknowledged by an attorney in fact, an acknowledgment of a town plat by an attorney in fact did not operate to vest a legal title of the streets shown by such plat, and that such plat and acknowledgment did not operate as a statutory dedication of the streets.   To the same effect are *Gosselin v. City of Chicago,* 103 Ill. 623, and *Thomsen v. McCormick,* 136 Ill. 135.

In *Brooks v. City of Topeka,* 34 Kan. 277, it was held that: ''Before the plat would operate as a grant of the land to the public for use as a street, it must have been acknowledged and recorded conformably to the requirements of the statute.''

The provisions of our statute pertinent to the present inquiry read as follows: ''Upon the filing of a map or plat thereof in the office of the county clerk and recorder of the county in which said territory may be situate, and another such map or plat with the clerk or recorder of the city or town to which it is desired to annex such territory,   *   *   * *provided,* that no map or plat of such addition shall be filed for record with said clerk and recorder until the same has been, by the owner or owners of such contemplated addition, submitted to the city council or board of trustees of said city or town, and approved by three-fourths of the members elected thereto.''

Without determining whether the plat in question complied with the requirements of the statute in respect to what it shall contain, it is manifest that the mandatory provisions above quoted were not

complied with in two particulars:  It was not ap-
proved by three-fourths of the members of the coun-
cil, nor filed with the clerk of the City of Lead-
ville.   Eight members voted for its acceptance, when
the statute required nine.   The other member pres-
ent voted against its acceptance, so the plat was, as
a matter of fact, rejected.   In these circumstances,
it necessarily follows, that a statutory dedication of
the streets and alleys included in said plat was not
made.

But it is argued by counsel for appellant, and
the writer of the opinion before referred to enter-
tained the view, that the city, having assumed juris-
diction over the streets, opened and improved them,
and at all times since maintained control over them,
Starr and his grantees are estopped from asserting
any claim inconsistent with the original dedication.

We do not think this view finds support in either
reason or authority.   As we have seen, to constitute
a statutory dedication of streets and alleys, the re-
quirements of the statute must be complied with, and
unless complied with, the estate intended to be con-
veyed thereby does not pass, and no subsequent con-
duct of the donor, or of the city authorities, can ren-
der a defective statutory dedication operative to vest
the fee title to the streets and alleys in the munici-
pality.   But the plat is evidence of an intention on
the part of the owner to dedicate the streets and
alleys to public use, and when accepted by the author-
ities having jurisdiction over highways, or by the
public by general user, it will constitute a common-
law dedication, which confers upon the municipality
an easement in the streets and alleys; in other words,
an estate adequate to the accommodation of the pub-
lic and the city for municipal purposes.

We do not think that the word "convey," as
used in the indorsement on the plat, can be given

such force or meaning as claimed by counsel for plaintiff. It was not intended thereby to transfer any other or different interest than such as passed by the dedication itself, but was used as synonymous with the word "dedicate," and for the purpose of making effectual the dedication intended. And, furthermore, if it can be construed as a deed, suffice it to say that its acceptance required a three-fourths vote of the members elected to the city council, and therefore that it was not legally accepted, but, on the other hand, was rejected.—*Gregory v. City of Ann Arbor,* 127 Mich. 454.

The indorsement on the plat, signed by the mayor and clerk, to the effect that the plat had been presented, and adopted by three-fourths of the members of the council, is of no significance. It was contrary to the fact, and made without authority.

Our conclusion is that the city is not entitled to the relief asked, and the judgment of the court below is accordingly affirmed.        *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.